J. W. BARTON ET AL. V. AMERICAN NATIONAL BANK ET AL.

No. 469.

1. **Practice on Appeal.**—In the absence of findings of law and fact by the trial court, if the judgment is supported by any theory of the evidence, it must be affirmed.

2. **Practice in Trial Court—Second Trial at Same Term.**—It is not error to try a case a second time at the same term of court, where there is no legal motion for a continuance, and no injury is shown by such trial at that term, the parties being present with their testimony, and represented by counsel.

3. **Same—Motion for New Trial.**—A court may reform its judgment or set it aside and grant a new trial during the term at which it is rendered, upon motion filed after the two days, or even without any motion, if the ends of justice require it.

4. **Same—Demand for Jury.**—A party who fails to call for a jury on the first day of the term, or at any time before the jury is discharged for the term, can not then force a continuance of the cause in order to get a jury.

5. **Promissory Note—Blank Indorsement by Third Party.**—Where a person not the payee of a note signs his name upon the back at the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promisor or surety, and the precise character of his undertaking may be shown by parol.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Bookhout & McLaurin,* for appellants.—1. Where a judgment was rendered more than a month previous to the making of a motion for a new trial, and is in conformity with the pleading on file at the time, and supported by evidence, a trial court can not set it aside, even at the same term of the court, unless it clearly appears that, without any fault on the part of the party moving to set it aside, it is grossly unjust, and that the party complaining had a good defense which he was prevented from setting up by reason of fraud of the other parties to the judgment. Sayles' Civ. Stats., art. 1371; Hughes v. Maddox, 6 Texas, 90; Linn v. Arambould, 55 Texas, 620; Ferris v. Streeper, 59 Texas, 314; Gill v. Rodgers, 37 Texas, 628; Goss v. McClaren, 17 Texas, 120; McGloin v. McGloin, 70 Texas, 636; Nevens v. McKee, 61 Texas, 412; Holiday v. Holiday, 72 Texas, 585; Sweeney v. Jarvis, 6 Texas, 36; Harn v. Phelps, 65 Texas, 597; Vardeman v. Edwards, 21 Texas, 739; Overton v. Blum, 50 Texas, 423.

2. After a case has been regularly called for trial at one term of the court, tried, and judgment rendered, and a motion is thereafter made to set aside the judgment, and said judgment is set aside, said case can not be tried again at the same term of the court over objections raised by any party to the judgment. Kirkland v. Sullivan, 43 Texas, 233, and cases above.

3. Where a case has been tried and a motion for new trial made and granted, and the case again called for trial at the same term of court, either party to the suit has the right to tender the jury fee and demand a jury, and have the cause put on the jury docket. Petri & Bro. v. Bank, 83 Texas, 424; Id., 84 Texas, 153; Cabell v. Shoe Co.,

82 Texas, 104; Dean v. Sweeney, 51 Texas, 242; Davis v. Davis, 34 Texas, 25; Rev. Stats., arts. 3061, 3062.

4. Where one, not the maker of the note, without consideration, signs the same on the back thereof, at the time of the execution of the note, and it is agreed between the person so signing and the payee and holder of the note, that the undertaking and the contract on the part of the person signing on the back shall be that of an indorser, he can only be held liable as indorser, and his undertaking is secondary to that of the person who signed as maker of the note. 1 Dan. on Neg. Inst., secs. 710, 711; Cook v. Southwick, 9 Texas, 615; Chandler v. Westfall, 30 Texas, 477; Carr v. Rowland, 14 Texas, 275; Heidenheimer v. Blumenkron, 56 Texas, 308; Williams v. Bank, 67 Texas, 608; Latham v. Flour Mills, 68 Texas, 127.

*Word & Charlton*, for appellee Gibbs.—1. The judgments of a court are under its control during a term, and the court may grant a new trial, or reform its decrees on its own motion, or on motion of an aggrieved party, without regard to the time when the motion is made. Linn v. Lecompte, 47 Texas, 441; Bryorly v. Clark, 48 Texas, 353.

2. The new trial having been granted at the instance of appellant, and the law of the case having been reached, there was no error in the second trial at same term.

3. Bookhout, Barton, and Gibbs are all sureties on the note sued on, and the fact that Gibbs' name is on the face of the note, and that of the others on the back, is of no legal significance, when the facts show that neither one of them participated in the consideration of the note, and all signed it before it was negotiated, and for the purpose of enabling the Times Publishing Company to get credit with the payee of note. Cook v. Southwick, 9 Texas, 615; Carr v. Rowland, 14 Texas, 275; Good v. Martin, 5 Otto, 94.

LIGHTFOOT, CHIEF JUSTICE.—The American National Bank brought suit in the District Court of Dallas County upon the following note:

"No. 6007.   $3000.                    "DALLAS, TEXAS, March 31, 1891.

"Ninety days, without grace, after date, we, or either of us, promise to pay to the order of the American National Bank, of Dallas, three thousand dollars, at the office of said bank, with interest at the rate of 12 per cent per annum after maturity until paid, and 10 per cent additional on the amount of said note for attorney's fees, if placed in the hands of an attorney for collection.   Value received.

                    [Signed]       "TIMES PUBLISHING COMPANY,
                                     ."By C. E. GILBERT, President;
                                    "C. E. GILBERT,
                                    "GEO. C. COLE,
"Due January 29, 1891.        "B. GIBBS."

On the back of said note were the following indorsements: "J. W. Barton, John Bookhout."

Judgment was rendered October 22, 1892, in favor of the bank for balance due on the note, against the Times Publishing Company, Gilbert, Cole, and Gibbs, as principals, and against Bookhout and Barton as sureties. At the same term the judgment was set aside at the instance of Gibbs, the cause again tried before the court, and judgment rendered protecting said Gibbs, as surety with Bookhout and Barton, from which they have appealed. There are no conclusions of fact or law in the record, and no request by appellants for them. In the absence of such findings, if the judgment is supported by any theory of the evidence, it must be affirmed. In support of the judgment we find the following facts:

1. Gilbert, as manager of the Times Publishing Company, desiring to raise money for the use of the company, applied to Bookhout, Barton, and Gibbs, as friends, to assist him. He went from one to the other until they each agreed to indorse the note if the others would; the understanding among them was that they would all make a general note. The note was signed on its face by Gibbs, with the understanding that the others were to sign it, and was carried by Gilbert to Bookhout and Barton, who signed their names on the back. When asked by Gilbert why he did not sign his name on the face of the note, Bookhout remarked that there was practically no difference. The note was then delivered to the payee, and the money paid to Gilbert. The parties Gibbs, Bookhout, and Barton were all sureties, as among themselves, and neither of them received any benefit whatever from the transaction. Neither Gilbert nor Cole set up any suretyship, and neither of them has appealed; hence no finding is necessary as to them.

The first assignment of error attacks the ruling of the court in setting aside the judgment rendered October 22, 1892, upon the motion of appellee Gibbs, because the motion was filed after two days from the rendition of the judgment, and showed no excuse for not filing it in time, and was without merit. The motion, under oath, set up the agreement of all the parties to sign the note for the accommodation of the maker, and that they were to be equally bound as sureties on indebtedness for accommodation; that he believed the note had been signed on the face by all the parties; that said Bookhout and Barton had in fact signed as sureties, and that he believed that the judgment had been rendered against them all alike until about the time his motion was filed, when he discovered that judgment had been taken against him as principal, and against Bookhout and Barton only as sureties, authorizing execution in their favor over against him; that there was no proper pleading on the part of said Bookhout and Barton to authorize such judgment, etc.

It is well settled, that before adjournment of the term at which a judgment is rendered, the court has a large discretion over its own records, and may reform a judgment or set it aside and grant a new

trial, even without any motion, if the ends of justice require it.    Linn
v. Le Compte, 47 Texas, 440; Bryorly v. Clark, 48 Texas, 353.

It appears from the judge's note to appellants' bill of exceptions,
that upon the hearing of the motion the court announced that a new
trial would be granted, or the judgment would be reformed so as to
make Gibbs liable as surety, or indorser with Bookhout and Barton,
when they stated in open court that they preferred that a new trial
should be granted, which was done.    We find no error in this ruling.

2.   The second assignment is, that the court erred in again trying
the case at the same term of court.    In the absence of any legal motion
for continuance of the cause, and no injury being shown to appellants
by such trial at that term, their testimony being all in court and they
being present and represented by counsel, we can not sustain this
assignment.

3.   The third assignment is, that the court refused the application
of appellants for a jury, they having made a demand therefor in open
court and tendered the jury fee.    It appears from the bill of excep-
tions, that at the time of the demand the jury service for the term
had been concluded and the jury discharged, so that if the demand
had been complied with, it would have necessitated a continuance of
the cause.    It is provided by statute (article 3061), that "any party
to a civil suit in the District or County Court desiring the same tried
by a jury, shall make application therefor in open court on the first
day of the term of the court at which the suit is to be tried."    It is
the duty of the trial court to give a liberal construction to the statute,
so as to permit parties to exercise the right of trial by jury where it
can be done without delay or prejudice to the opposite party, and our
courts have gone as far in this direction as seems reasonable and just.
Appellants failed to call for a jury on the first day of the term, or at
any time before the jury was discharged for the term.    They could
not then force a continuance of the cause in order to get a jury.    Petri
& Bros. v. Bank, 84 Texas, 153; Id., 83 Texas, 424; Cabell v. Shoe Co.,
81 Texas, 104.

4.   The only remaining assignment which we deem it necessary to
consider is the seventh, which attacks the judgment upon the ground
that the court erred in holding that the liability of Gibbs, as surety,
was the same as that of Bookhout and Barton, who claim to be liable
only as indorsers, and that their liability is secondary to all the sign-
ers on the face of the instrument.    When a party signs his name in
blank across the back of a note, before delivery and before any in-
dorsement of the paper by the payee, the intention of such party is
not manifest from the paper itself, and the contract intended to be
placed above the signature may be proved by parol evidence.    Mr.
Daniel says:   "The ground upon which parol proof of intention and
agreement in such cases is admitted, is, that the position of the name
upon the paper is one of ambiguity itself, that it is not a complete
contract, as is the case of an indorsement by the payee, which imports

a distinct and certain liability; but rather evidence of authority to write over it the contract that was entered into; and that parol proof merely discloses and brings to light the terms of the unwritten contract that was made between the parties." 1 Dan. Neg. Inst., sec. 711.

In the case of Cook v. Southwick, 9 Texas, 617, Judge Wheeler, in commenting upon this question quotes from Judge Story, as follows: "If the blank indorsement was made at the same time as the note itself, the indorser ought to be held liable as an original promisor, or maker of the note, and that the payee is at liberty to write over the blank signature, 'For value received, I undertake to pay the money within mentioned to B., the payee.'" Story's Com. on Prom. Notes, sec. 473. Continuing, Judge Wheeler says: " The authorities are numerous to the effect that where a person, not the payee of a note, signs his name upon the back, at the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promisor or surety." 9 Texas, 618; Latham v. Flour Mills, 68 Texas, 130; Carr v. Rowland 14 Texas, 275; Good v. Martin, 95 U. S., 90, and authorities there cited.

In this case there are no conclusions of fact, and the record does not show that any were requested. There is sufficient testimony in the statement of facts to support the judgment upon the theory that it was understood by all the parties that Gibbs, Bookhout, and Barton all signed the instrument as sureties.

The judgment is affirmed.

*Affirmed.*