## V. B. ZAPALAC v. H. ZAPP.

### Decided January 4, 1900.

**1. Promissory Note—Extension of Time—Consideration—Interest.**

A contract for the extension of the time of payment of a promissory note for a definite period, is upon a valuable consideration, and is binding between the parties.

**2. Same—Parol Evidence to Show Suretyship.**

Parol evidence is admissible to show that one who appears as a joint maker of a note signed it as a surety for the other, and that this was known to the payee or holder of the note.

**3. Same—Knowledge at Time of Extension Releases Surety.**

Where the holder of a note extends the time of payment without the consent of an apparent joint maker whom he knows to be in fact only a surety, such surety is thereby released, although the holder acquired the note before its maturity, and did know of the suretyship at that time.

APPEAL from the County Court of Fayette. Tried below before Hon. JOSEPH EHLINGER.

*Robson & Duncan,* for appellant.

*Max Meitzen* and *C. E. Lane,* for appellee.

GARRETT, CHIEF JUSTICE.—H.. W. H. Zapp, doing business under the firm name of H. Zapp's Sons, brought suit in the County Court of Fayette County against R. C. Sladek and V. B. Zapalac, as the makers, and Joseph Farek, as indorser, of a promissory note. Farek pleaded release by failure of the appellee to sue on the note within the time required by law to hold him as indorser, and the appellant pleaded, that although his name appeared on the note as a principal, he was in fact surety for Sladek, the other maker of the note, and that such fact was known to the appellee, and that appellee, with the knowledge that appellant was surety for Sladek, extended the time of the payment of the note for three months by a binding agreement to do so. Sladek suffered judgment by default. Trial was had by jury and resulted in a verdict and judgment in favor of the defendant Farek, and in favor of the appellee against Sladek and Zapalac for the amount of the note sued on, and attorney fees.

There was evidence adduced on the trial to show that Zapalac signed the note as surety for Zapp, and that, with knowledge of such fact, Zapp extended the time of payment by an agreement to that effect with Sladek, without the consent of Zapalac. The note bore interest, and there was no proof of any other consideration for the extension.

A contract for the extension of the time of payment of a note for a definite period, when the debt bears interest, is upon a valuable consideration, and is binding between the parties. Benson v. Phipps, 87 Texas, 578. Parol evidence was admissible to show that Zapalac signed the note as surety for Sladek, and if Zapp, with knowledge of that fact,

by a binding contract, extended the time of payment for a definite period without the consent of Zapalac, the latter would be released. Burke v. Cruger, 8 Texas, 67; 2 Dan. Neg. Inst., sec. 1338.

Zapp became the holder of the note by indorsement from Farek before maturity, and it became an issue for the jury whether he had knowledge of the fact that Zapalac was only surety for Sladek, the evidence upon the issue tending to show that such knowledge, if any, was acquired after the maturity of the note, but before the extension thereof. Upon this issue the court charged the jury that if Zapp became the holder of the note before maturity, and did not know at the time that Zapalac had signed as surety for Sladek, Zapalac would not be entitled to the right of a surety, and to find for the plaintiff. This is the substance of the third and fourth paragraphs of the charge. The evidence was such that the jury may have believed that Zapp granted the extension without the consent of Zapalac, and knew at the time that Zapalac was a surety for Sladek, but did not believe that Zapp knew it when he got the note, and, as required by the charge, found for the plaintiff because of the want of such knowledge at the time when he became the holder of the note, although he may have known that Zapalac was only a surety when the extension was granted. So the question arises, is it the knowledge of the holder at the time he took the note, or at the time of the act complained of, that must be shown by the surety to entitle him to a discharge? Of course the note must have been acquired before maturity or the question could not arise.

Mr. Daniel, in his work on Negotiable Instruments, does not favor the admission of parol evidence to show that one who signs as principal is in fact a surety for his copromisor, but states that the weight of authority in the United States is in favor of allowing evidence to show that one of the joint promisors signed as surety, and that this was known to the payee or indorsee when he took the instrument. He also says: "And there are cases which hold that if he knew the fact that one of the promisors was surety at the time he granted indulgence to the other, it will be equally as effectual as a discharge of the surety promisor." 2 Dan. Neg. Inst., sec. 1338. Randolph states the rule to be, "that notice to a holder, to subject him to such defense of suretyship, need not antedate his becoming a party to the instrument." 1 Rand. Com. Paper, 225, note 2.

The charge of the court may have grown out of a misconstruction of the language of note 12616, under article 3811, Batts' Revised Statutes. The cases cited do not bear out the construction that the holder must have knowledge when he takes the notes. Burke v. Cruger, supra, is only authority that parol evidence will be received to show the fact of suretyship and the knowledge thereof. But a case is cited in Burke v. Cruger in which the opinion states that the suretyship must be known at the time of the act complained of, though the facts do not appear to have raised the exact question. Gahn v. Niemoewicz, 11 Wend., 323.

In Yeary v. Smith, 45 Texas, 71, the point is not raised, but the court

uses this language: "Parol evidence is admissible in equity to show the relationship which the obligors bore to each other, and that the creditor was cognizant of it." The language of the note in Batts' Revised Statutes and the authorities cited by him appear to have been taken from Behrns v. Rogers, 40 Southwestern Reporter, 419. But the question was not before the court in that case. None of the cases cited by Batts support the construction of the language given by the court below in the charge complained of. No Texas case, as far as we have been able to see, has decided the question, but it may be gathered from the decisions that knowledge of the suretyship at the time of the act complained of is deemed sufficient. We are of the opinion that such should be the rule, and hold that the charge complained of was erroneous. We do not deem it necessary to consider any of the other assignments of error. For the error indicated, the judgment of the court below will be reversed and the cause remanded for another trial.

*Reversed and remanded.*