CLEVENGER v. COMMERCIAL GUARANTY STATE BANK et al. (No. 17.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 3, 1916. Rehearing Denied Feb. 24, 1916.)

1. EVIDENCE �köm423—BILLS AND NOTES—LIABILITY OF PARTIES—PAROL EVIDENCE.

One not the payee who signs his name on the back of a note at the time of its inception without any words explaining his undertaking is liable as an original promisor or as surety, and may show by parol or other evidence the real obligation intended to be assumed at the time of the signing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. �köm423.]

2. EVIDENCE �köm443—BILLS AND NOTES—LIABILITY OF PARTIES—PAROL EVIDENCE.

A contemporaneous parol agreement that a maker and an indorser of a note will relieve comakers from liability as surety and will themselves pay the note at maturity is admissible to prove a parol contract of indemnity between those jointly liable on the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2048–2051; Dec. Dig. ⊃köm443.]

3. FRAUDS, STATUTE OF ⊃köm21—PAROL AGREEMENT OF INDEMNITY.

Such parol contemporaneous agreement is not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 33; Dec. Dig. ⊃köm21.]

4. PRINCIPAL AND SURETY ⊃köm33—AGREEMENT BY SURETY OR GUARANTOR TO PAY NOTE—CONSIDERATION.

An agreement by a surety to pay a note in case the principal refuses to do so, made as an inducement to third persons to sign it, is supported by a sufficient consideration.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 65, 66; Dec. Dig. ⊃köm 33.]

5. BILLS AND NOTES ⊃köm473—ACTIONS—LIABILITY OF PARTIES—PLEADINGS.

In an action on a note by the payee against defendants, one of whom signed as maker and another as indorser, an answer by other defendants alleging that they signed as accommodation for codefendants, who agreed to hold defendants harmless, and to pay the note at maturity and demanding a judgment against codefendants for the amount the payee might recover against defendants, was sufficient as against a demurrer, and supported a judgment for defendants against codefendants.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1503–1507, 1555; Dec. Dig. ⊃köm473.]

6. BILLS AND NOTES ⊃köm540—PERSONS LIABLE—JUDGMENT.

Where judgment is rendered for a payee of a note against all persons signing as maker or indorser and for some of the makers against comakers and indorser, the court should, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6332, direct order of an execution according to the order of liability of the parties to the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1918–1934; Dec. Dig. ⊃köm 540.]

⊃kömFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Action by the Commercial Guaranty State Bank against J. P. Clevenger and others. From a judgment for plaintiff against all the defendants, and for some of the defendants against defendant named and another, and in favor of defendant named against the other defendant, the defendant named appeals. Reformed and affirmed.

Geo. F. Ingraham, of Nacogdoches, for appellant. Ford Clevenger and S. M. Adams, both of Nacogdoches, for appellee.

CONLEY, C. J. On October 5, 1914, the Commercial Guaranty State Bank of Nacogdoches, Tex., instituted this suit in the county court of Nacogdoches county on a promissory note for $400, dated May 21, 1913, due seven months after date, with 10 per cent. interest and 10 per cent. attorneys' fees; said note being signed by James W. Truitt, Lem Hill, E. S. Hicks, and H. C. Parker, in favor of said bank, and indorsed by J. P. Clevenger. Truitt and Clevenger filed no answer to the bank's suit. E. S. Hicks, Lem Hill, and H. C. Parker duly filed an answer, the contents of which it is not necessary here to state, except in so far as it affects the appellant, J. P. Clevenger. There were three paragraphs to this answer, numbered, respectively, 1, 2, and 3, and the court sustained demurrers to paragraphs 1 and 3, leaving paragraph 2 in said answer, and upon which the cause went to trial. That paragraph reads as follows:

"Further answering herein the defendants E. S. Hicks, Lem Hill, and H. C. Parker say that at the time they signed said note as surety for said J. W. Truitt and J. P. Clevenger, Joe P. Clevenger, and J. W. Truitt represented to them it was only a matter of accommodation to them to enable them to close up a piece of business; that they nor either of them should ever suffer any loss by reason of signing as surety the said note. And J. P. Clevenger especially represented to these defendants that he would hold these defendants absolutely harmless on said paper, and that he, himself, would pay off and settle said note when it became due, and, especially guaranteed these defendants against any loss in the premises. J. P. Clevenger at the time was and is yet wholly solvent, and these defendants pray for a judgment over and against the defendants Joe P. Clevenger and J. W. Truitt, and each of them for the amount the plaintiff may recover against these defendants, if the court should hold that these defendants, under the facts, are joint signers, and primarily liable on said note."

The appellant, J. P. Clevenger, filed the following demurrers to paragraph 2, which were overruled by the court:

"Now comes the defendant, J. P. Clevenger, and says that the matters and things alleged in paragraph 2 of the answer of said defendants are wholly insufficient in law; and especially excepts to the same because it contradicts the written contract of said defendants; and especially excepts to said answer because the promise referred to therein is not alleged to have been in writing; and especially excepts to the same because no consideration for said promise is shown."

These demurrers were overruled by the court.

The case was tried by the court without the intervention of a jury, and judgment rendered in favor of the Commercial Guaranty State Bank against all of the parties, for the amount of the note sued on, and in favor of Hill, Hicks, and Parker for the same amount against Truitt and Clevenger, and in favor of Clevenger over against Truitt. The appellant, Joe P. Clevenger, excepted to said judgment, and has perfected his appeal to this court.

There is no statement of facts in the record. The only question presented which we can consider is that attacking the judgment of the court on the rulings to the special exception of appellant to paragraph 2 of the answer filed by Hicks, Hill, and Parker.

[1] It is a settled law of this state that parol evidence is admissible to show the relationship of principal and surety, or principal and guarantor, between the makers of a note, notwithstanding the form of the note. Burke v. Cruger, 8 Tex. 66, 58 Am. Dec. 102; Wylie v. Hightower, 74 Tex. 306, 11 S. W. 1118; Yeary v. Smith, 45 Tex. 56; Zapalac v. Zapp, 22 Tex. Civ. App. 375, 54 S. W. 938. Where a person not the payee signs his name on the back of a promissory note at the time of its inception, without any words to explain the nature of his undertaking, he is liable as an original promisor or as surety; but it is competent for the person so signing to show by oral or other evidence the real obligation intended to be assumed at the time of the signing. Cook v. Southwick, 9 Tex. 615, 60 Am. Dec. 181; Barton v. American National Bank, 8 Tex. Civ. App. 223, 29 S. W. 210; Latham v. Houston Flour Mills, 68 Tex. 127, 3 S. W. 462; Kellogg v. Iron City National Bank, 26 S. W. 856.

[2] The grounds upon which parol proof of intention or agreement in such cases is admitted is that the position of the name on the paper is one of ambiguity in itself; that it is not a complete contract, as is the case of an indorsement by the payee, which imports a distinct and certain liability, but rather evidence of authority to write over it the contract that was entered into; and that parol proof merely discloses and brings to light the terms of the unwritten contract that was made between the parties. Heidenheimer Bros. v. Blumenkron, 56 Tex. 308; Barton v. American National Bank, 29 S. W. 210.

And in the case of Citizens' National Bank v. Cammer, 86 S. W. 625, it was held that a witness may testify that when he signed a note it was understood he was not to be liable on the same, and that the payee should not hold him responsible, and would indemnify him against loss.

[3] A contemporaneous agreement of that nature would not be admissible for the purpose of contradicting or disputing the legal effect of a note, but it may be introduced for the purpose of proving a parol contract of indemnity between those jointly liable on the

note. Such an agreement is not within the statute of frauds. Hall v. Taylor, 95 S. W. 755.

[4] An agreement by one surety or guarantor to pay a note in case the principal refuses to pay the same, made as an inducement to the others to sign it, is supported by consideration. Hall v. Taylor, 95 S. W. 755.

[5] The allegations in the paragraph of the answer excepted to specifically allege that the promises made by Clevenger and Truitt to the other makers of the note, E. S. Hicks, Lem Hill, and H. C. Parker, were made at the time they signed the note.

We see no error to the court's rulings on these demurrers.

[6] In entering up the judgment, the court did not make an order directing the sheriff to levy the executions as provided for under article 6332, Vernon's Sayles' Texas Civil Statutes. The judgment will therefore be reformed by adding thereto the following provision:

"Execution on the judgment herein rendered in favor of the Commercial Guaranty State Bank shall first be issued directing the sheriff to levy the same upon the property of the principal, J. W. Truitt, subject to execution; and in the event the property of the principal, J. W. Truitt, in an amount sufficient to satisfy said judgment, cannot be found, then execution shall issue directing the sheriff to levy the same upon the property of the defendant, Joe P. Clevenger, and in the event property of sufficient amount cannot be found to satisfy said judgment, then the same may be levied upon the property of the defendants E. S. Hicks, Lem Hill, and H. C. Parker. The levies of the executions herein provided for to be made on so much of the property of the principal as may be found, if any, and upon so much of the property of the said Joe P. Clevenger as may be found, and as may be necessary to make the amount of the execution, and then upon so much of the property of the sureties herein named as may be found and as may be necessary to make the full amount of said judgment."

The judgment is reformed and affirmed; and it is so ordered.

MIDDLEBROOK, J., not sitting.