**YORK et al. v. TEXAS STATE BANK et al.**
**(No. 7140.)**

(Court of Civil Appeals of Texas. San Antonio. April 16, 1924.)

**1. Appeal and error ☞931(1)—Presumption in favor of court's findings.**

Every presumption is in favor of court's findings, covered by allegations of pleadings and supported by facts.

**2. Garnishment ☞218—Relationship between bank and depositor as debtor and creditor held not changed as affecting title to deposit.**

Where money deposited in bank as though it was depositor's was garnished, conceding that it was earnest money held by depositor as agent to be returned if title failed, proposed purchaser to be entitled to its return must prove title defective, and, in absence of such proof, relationship between bank and depositor as debtor and creditor was not changed.

**3. Garnishment ☞228 — Garnishment after judgment renders garnishee liable for defendant between date of writ and date returnable.**

Garnishment after judgment renders garnishee legally liable to plaintiff for funds of defendant, between date of writ and date returnable, up to moment of judgment.

**4. Money received ☞8—Garnishee held entitled to judgment over for funds paid to defendant by latter's fraud.**

Where funds of defendant were garnished in bank and thereafter bank was induced by fraud, mistake, and deceit of defendant and another to turn part thereof over, on claim that deposit was earnest money on land contract, bank as garnishee held entitled to judgment against them for amount of judgment against it, less deposit remaining to defendant's credit.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by W. N. McGregor against E. R. York and others in which the Texas State Bank, as garnishee, interpleaded defendant named and A. W. Cottar. From judgment for plaintiff against garnishee and for garnishee over against York and Cottar, the latter appeal. Affirmed.

Stanley Boykin and C. R. Bowlin, both of Fort Worth, for appellants.

Samuels & Brown, Lawrence Tarlton, R. E. Rouer, and Gillis A. Johnson, all of Fort Worth, for appellees.

COBBS, J. W. N. McGregor, plaintiff below, was the owner of a judgment against E. R. York and others, and as the owner of the judgment McGregor caused a writ of garnishment to issue against Texas State Bank, seeking to impound funds therein belonging to E. R. York. The writ was served on February 6, 1923. The garnished bank first filed an answer to the garnishment on February 7, 1923, admitting it was indebted to E. R. York in the sum of $400, but later, on February 21st, filed an amended answer reciting it had been informed, since filing the first answer, that the $400 was not the property of E. R. York, but belonged to A. W. Cottar, and held in trust for him by E. R. York, being a sum of money deposited with York by A. W. Cottar as earnest money, in pursuance with a contract for the sale of

land, entered into between Dr. L. M. Whitsitt, executor of an estate, in which it was agreed to sell A. W. Cottar certain property, and this sum was delivered to York by Cottar as earnest money. The money was to be returned to Cottar if the trade was not consummated. York and Cottar were interpleaded, and each filed pleadings.

On February 17, 1923, the bank filed an answer stating that York and Cottar had induced it to pay said $400 to Cottar, and they were interpleaded by the bank to have it determined to which one the money should be paid. Whitsitt and Cottar, by mutual agreement, abrogated and abandoned the sales contract, and agreed that the money should be returned to Cottar. York adopted the plea, and prayed that the money be adjudged to Cottar.

Judgment was rendered in favor of McGregor for the sum of $291, against the bank, and in favor of the bank over against E. R. York and A. W. Cottar jointly and severally for the sum of $278.84. The court, among other things, made the following findings in its judgment:

"And at the time the said writ of garnishment was served upon the said Texas State Bank of Fort Worth, Tex., it was indebted to the defendant, E. R. York, in the sum of $727.18; and that between the time the writ of garnishment was served upon it, and the date of the trial it became indebted to the said E. R. York, in the additional sum of $60, and that after the writ of garnishment was served upon it, the said Texas State Bank of Fort Worth, Tex., did release and pay over to the defendant, E. R. York, the sum of $366.27, and did release and pay over to the defendants E. R. York and A. W. Cottar, jointly the sum of $400 and did release and discharge the entire sum of money referred to above in which it was indebted to the defendant, E. R. York, at the time the writ of garnishment was served upon it after the service of said writ upon it, with the exception of $21.91 which it, the said bank, admits that it still has in and in which sum it is indebted to E. R. York at this time.

"And it further appearing to the court that the account of said E. R. York, here in question, was deposited with the garnishee, Texas State Bank of Fort Worth, Tex., and carried under the name of E. R. York.

"And it further appearing to the court that to the extent of the said sum of $400 which the said Texas State Bank of Fort Worth, Tex., paid over to the defendants, E. R. York and A. W. Cottar, jointly, through error, after the service of the writ of garnishment upon the bank, the same was paid to the said A. W. Cottar and is now kept and held by him through fraud and mistake and deceit of the said E. R. York and A. W. Cottar, to the damage of the said Texas State Bank of Fort Worth, Tex., in the sum of $278.84, being the difference between the sum of $300.75, recovered by judgment against the said garnishee by the said plaintiff, W. N. McGregor, and the sum of $21.91, the sum which said garnishee still holds in its possession belonging to the said defendant, E. R. York."

[1] We have carefully reviewed the record in this case and considered all errors assigned, and read the briefs of both parties. We think every presumption should be indulged in favor of the court's findings, covered by the allegations of the pleadings and supported by the facts.

[2] The funds were deposited in the bank to the credit of York, and were presumably his funds, the bank at the time having no contrary advice.

It is of no consequence here that the deposit was of earnest money paid to York, who made the deposit in his own name, and as though they were his own funds. Conceding that it was earnest money, to be returned in event title failed, the proposed purchaser must prove the title defective to entitle a return of the money, and nothing of that kind has happened here. Nothing has happened here to change that relationship of debtor and creditor between the bank and the depositor York.

[3, 4] A writ of garnishment after judgment renders the garnishee legally liable to the plaintiff in the garnishment for any funds belonging to the defendant, between the date of the writ of garnishment issued on it and the date it is made returnable to the court up to the moment of the judgment; and the finding and judgment of the court is here in strict conformity with that rule.

It will be observed from the court's finding that the $400, deposited by York in the bank, was obtained by the appellants York and Cottar, through fraud, mistake, and deceit. Cottar had never returned said sum. We feel bound by the court's findings upon the subject. Johnson v. Archibald et al., 78 Tex. 96, 14 S. W. 266, 22 Am. St. Rep. 27; Barton v. American National Bank, 8 Tex. Civ. App. 223, 29 S. W. 210.

We do not think it necessary to discuss the case further. The trial court found that the deposit in the bank was a general deposit, under the name of E. R. York, which was garnished before York and Cottar obtained same through fraud and deceit, and we shall not disturb the judgment of the trial court.

Believing the case fairly tried and substantial justice done, the judgment is affirmed.