## JOLLY v. FIDELITY UNION TRUST CO. et al. (No. 11700.)

Court of Civil Appeals of Texas. Fort Worth. Jan. 19, 1929.

Rehearing Denied Feb. 23, 1929.

Kay, Akin & Smedley, of Wichita Falls, for appellant.

W. G. Eustis, of Henrietta, for appellees.

DUNKLIN, J. This is an appeal by Mrs. Pauline B. Jolly from a judgment in favor of the Fidelity Union Trust Company, forclosing a mortgage lien on certain land in Clay county.

Certain issues presented were by this court certified to the Supreme Court, and the determination by that court appears in 298 S. W. 530, on original hearing, and in 10 S.W. (2d) 539, on rehearing. The material facts involved are cited in those opinions, and no attempt will be made to repeat them further than is necessary to a discussion of other questions not specifically embraced in the certificate to that court.

The principal issue involved was the defense of the statute of limitation urged by Mrs. Jolly to the foreclosure suit by the Fidelity Union Trust Company. As stated in those opinions, Mrs. Jolly executed to her brother, Edward R. Holden, a conveyance of the land for the purpose of enabling him to procure a loan of money, and the note sued on was given for money loaned to Holden and secured by a mortgage on the land. On the same date that Mrs. Jolly conveyed the land to Holden, the latter reconveyed the land to her, but the loan was made and the mortgage taken to secure the same without knowledge on the part of the Union National Bank of New York, the payee, of the reconveyance to Mrs. Jolly.

The decision of the Supreme Court in answer to certified questions was in effect (1) that, as between the maker and the payee of the note, the evidence was sufficient to show a valid and binding extension of the maturity of the note, as contended by the plaintiff in the case, who was the legal owner and holder of the note as the assignee of the payee, the Union National Bank; (2) that, in order to show that the statute of limitation in favor of the estate of Edward R. Holden against any suit by the holder of the note was suspended for less than twelve months under the provisions of article 5538, Rev. Statutes, the burden was upon Mrs. Jolly to prove that an administration was had and an administrator or executor qualified upon the estate of Holden within a shorter period of time than twelve months after his death; and (3) that, if plaintiff's right to recover on the note against the estate of Edward R. Holden was not barred by limitation when this suit was instituted, then there was no bar of plaintiff's suit to foreclose the lien against Mrs. Jolly on the land covered by the mortgage.

There was neither pleading nor proof by Mrs. Jolly or by the plaintiff in the case that there was any legal administration on the estate of Edward R. Holden, or that any one qualified as executor or administrator. It would follow, therefore, from the decision of the Supreme Court, that Mrs. Jolly's plea of limitation to the action was properly overruled; unless it can be said that a different result would follow by reason of other points stressed in her brief and not specifically embraced in our certificate to the Supreme Court.

Appellant argues that, after the land was reconveyed to her by Edward R. Holden, she occupied the relation of surety toward the claim sued upon; that is, the relation of "real suretyship," which is defined in 32 Cyc. p. 22, as follows: "Real suretyship arises where certain specific property can be taken to enforce payment of another's debt, or the performance of some duty owing by another, and the owner of such property, if he would save it, must pay or perform, but he is not personally liable in damages."

It is next insisted that, since Mrs. Jolly's land stood in the relation of surety on the note executed by Holden, then renewal or extension of that note without her consent released her and her property from the mortgage lien theretofore existing against it. Authorities cited by appellant to support that contention include the following: Cason v. Chambers, 62 Tex. 305; Cooksey v. Blair (Tex. Civ. App.) 254 S. W. 509; Westbrook v. Belton National Bank, 97 Tex. 246, 77 S. W. 942; Zapalac v. Zapp, 22 Tex. Civ. App. 375, 54 S. W. 938; King v. Parks, 26 Tex. Civ. App. 95, 63 S. W. 900; Union Mutual Life Ins. Co. v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118; Durrell v. Farwell, 88 Tex. 98, 30 S. W. 539, 31 S. W. 185. The first two cases cited hold that, if property mortgaged is sold by the mortgagor after the debt is barred by the statute of limitation, then a subsequent renewal of the note does not renew the lien as against the subsequent purchaser without his consent to the renewal. In Westbrook v. Belton National Bank, 97 Tex. 246, 77 S. W. 942, it appeared that the principal on a note, joined by his wife, executed a deed of trust on land which was the separate property of the wife; thereafter a new note was executed by the husband and others as sureties extending the due date, without the consent of the wife. It was held that the property covered by the mortgage was thereby released from the mortgage lien. The court used the following language: "Her property cannot be held as security for a contract essentially different from that to secure the performance of which by her husband she pledged it, any more than a personal surety upon one contract can be held bound upon a different one made without his consent."

In Durrell v. Farwell, 88 Tex. 98, 30 S. W. 539, likewise it was held that the land embraced in the mortgage made by Gage was discharged from liability for the payment of the bonds by the acts of the bondholders and

the Presidio Live Stock Company, and in that *opinion* the following was said: "A surety is bound by the terms of his contract, and his liability cannot be extended beyond it. If the contract be altered without his consent, whether he sustain injury or the contract be to his advantage, it ceases to be his contract, and with that ceases his obligation"—citing authorities.

██ It is well settled that the reason why a surety is discharged by an extension or renewal of a debt without his consent is that the new contract is not his and therefore he is not bound by it; the suit being to enforce a new contract and not the old one, the rule of strictissimi juris being applicable in favor of the surety. See, also, 21 R. C. L. pp. 975, 984, and 1004. To a like effect are other decisions cited by appellant, such as Wofford v. Unger, 55 Tex. 480; Zapalac v. Zapp, 22 Tex. Civ. App. 375, 54 S. W. 938; King v. Parks, 26 Tex. Civ. App. 95, 63 S. W. 900; Union Mutual Life Ins. Co. v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118. But it is clear that those decisions are not applicable in favor of Mrs. Jolly, since she never executed or agreed to assume the mortgage in question in this case, and since the foreclosure sought against her was not based upon any contract on her part. She was sued as a subsequent purchaser, holding the equity of redemption in subordination to the mortgage lien theretofore given by Holden. Mrs. Jolly owned that equity of redemption, but it cannot be said that she was in any sense a surety for the payment of Holden's note.·

It is next insisted that article 5538, suspending the statutes of limitation in favor of or against the estate of a decedent has no *application* as against Mrs. Jolly for foreclosure. The argument advanced is, in effect, that a suit to foreclose the lien could have been instituted against Mrs. Jolly as soon as the note matured, without making Holden a party defendant, and therefore the statute of limitation of four years began to run then, and that, four years beginning on that date having expired before this suit was instituted, the action was barred. The following authorities are cited in support of that contention: Acers v. Acers, 22 Tex. Civ. App. 584, 56 S. W. 196; Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842; Planters' Bank v. Robertson (Tex. Civ. App.) 86 S. W. 643. In the first case cited, Acers v. Acers, it was held that article 5538, which was article 3369 then, did not suspend · the limitation as to a guarantor or surety on a note of a decedent, since by article 1204, now 1987, of the statutes, it was expressly provided that in such a contingency the guarantor or surety may be sued without making the principal a party. It is to be noted further that by the same articles it is further provided that a guarantor or surety may be sued without making the principal a party when the latter resides beyond the

limits of the state or cannot be reached by the ordinary process of law.

The following is taken from the syllabus of Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842: "When the principal debtor, in an obligation to which there are sureties, dies, the payee may look to the sureties as primarily liable to perform the contract, and need not present the claim to the administrator of the deceased principal, for allowance and payment."

The decision in Planters' Bank v. Robertson (Tex. Civ. App.) 86 S. W. 643, is to a like effect. The statute upon which those decisions are based cannot be invoked by Mrs. Jolly in this suit, because she was in no sense a guarantor or surety on the note or mortgage executed by Holden. The defense of limitation is given only by statute, and one who invokes the statute must bring his plea strictly within its terms.

Moreover, the contention of appellant now under discussion, in effect, has already been determined adversely to her in the decision of the Supreme Court in this case upon certified questions, as shown in answer to question No. 3. Prior to the rendition of that decision, it was the rule in this state that the date of maturity of a promissory note might be extended by agreement of the maker and holder without the consent of one who has purchased the property covered by the mortgage subsequently to its execution. Flewellen v. Cochran, 19 Tex. Civ. App. 499, 48 S. W. 39; Allison-Richey Gulf Coast Home Co. v. Welder (Tex. Civ. App.) 220 S. W. 392.

██ The further contention of appellant that no lien was created by the execution of the mortgage since the mortgage was for the advances to be made to Holden, and the note in controversy was not executed by him until after the property had been reconveyed to Mrs. Jolly, and the payee of the note had been informed of that fact, and she had requested the bank not to make any further advances to Holden. In the first place, the evidence was sufficient to support a finding that the advances evidenced by the note sued on had already been made before Mrs. Jolly notified the bank of the reconveyances of the property to her and requested that no further advances be made to her brother, that at the same time she expressed her approval of the advances already made, and that, after such notice, the bank respected her notices and made no further advances to Holden. When the mortgage was given by Holden as a consideration of the note by him, the bank agreed to make to him a loan to the extent of $75,000, and the mortgage expressly gave a lien to cover such advances. The contention of appellant now under discussion is overruled, upon the authority of Poole v. Cage (Tex. Civ. App.) . 214 S. W. 500, in which a writ of error was refused. The following is quoted from the syllabus of that decision: "A recorded mortgage to secure future indebtedness is valid,

not only between the parties, but as to subsequent purchasers from the mortgagor, and, as to such subsequent purchasers, any advances made or indebtedness incurred in pursuance to the mortgage contract, whether before or after the subsequent sale or incumbrance, are protected by a prior and superior lien upon the property, for Acts 29th Leg. c. 138, as amended by Acts 33d Leg. (First Called Sess.) c. 27 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), does not affect the validity of such a future indebtedness clause."

Since the right of the payee of a note to the mortgage lien on the land was fixed by the transactions between it and Holden, it was harmless error at all events to exclude the testimony offered by Mrs. Jolly, to the effect that her brother told her that he had been advised by Wm. Shearer, representative of the payee bank, that the latter had received a letter from Mrs. Jolly on November 24, 1918, stating that the land had been reconveyed to her, and that therefore the mortgage given by Holden was null and void. For the same reason there was no material error, if error at all, in admitting the testimony of witness McGlynn, attorney for the bank, to the effect that no money was advanced by the bank to Holden after the receipt of Mrs. Jolly's letter to it, dated November 24, 1918; the objection being that such testimony was a conclusion of the witness and based on hearsay. In this connection it is to be noted that the trial court found that, when the bank advanced the money evidenced by the note, it had no notice or knowledge that appellant, Mrs. Jolly, owned the land. Aside from the testimony referred to above, there was ample evidence to support that finding of the court, and there is practically no evidence to the contrary.

■ It is contended further that the inclusion in the judgment of 10 per cent. attorney's fee was erroneous. It was agreed on the trial of the case that a reasonable attorney's fee to the plaintiff for prosecuting the suit would be 10 per cent. of the unpaid principal of the note, together with 10 per cent. of the interest due on the principal at the rate of 5 per cent. But in making that agreement counsel for appellant reserved the right to challenge any judgment for attorney's fee. The mortgage contained a provision to the effect that, in the event of a default in the payment of the note at maturity, the payee of the note should have the right to recover any expenses incurred by the bank in collecting it. In view of that provision, there is no merit in this assignment.

All assignments of error are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

Appellant insists that the rule of decisions is this state that a mortgage lien may be extended by agreement between the parties to a promissory note secured thereby without the consent of a subsequent purchaser of the property covered by the lien, has no proper application in this case. It is pointed out, as shown by the record, that Mrs. Jolly took a reconveyance of the land from Holden immediately upon the execution of her deed to him, and that, since such reconveyance antedated the mortgage given by Holden, Mrs. Jolly was not a subsequent purchaser but a surety only, and therefore the statute of limitation as against her began immediately upon the maturity of the note given by Holden before any extension thereof. However, the facts show without controversy that appellant made the deed to Holden for the express purpose of enabling him to borrow money on the faith of the title thus conveyed, and without knowledge of any reconveyance to her, and therefore, upon the plainest principles of equity, she stands in the same relation as a subsequent purchaser of the property and is estopped from now taking a position the effect of which necessarily would place her in a position different from that which she intended the payee of the note to believe she occupied, and which would give her a better right by reason thereof. Mrs. Jolly was no more a personal surety on the note than she would have been if the property had been reconveyed to her after Holden had executed the mortgage. The property was no more a mere surety for the debt by reason of its reconveyance to her before the mortgage was given than it would have been if the mortgage had antedated the reconveyance.

Other questions presented in appellant's motion for rehearing have been duly considered, and the motion is in all things overruled.

■ Appellee has also filed a motion for rehearing in which it is claimed that the judgment of the trial court should be so reformed as to allow a recovery of 6 per cent. interest rather than 5 per cent. interest, allowed by the trial court, upon $15,000 from April 28, 1924, to February 6, 1926, and thereby increase the recovery by the sum of $265. Appellee is in no position to make this claim, since it filed no motion in the trial court for that relief and did not in any manner call the trial judge's attention to the point.

Accordingly, appellee's motion for rehearing is overruled.