## CATTLE RAISERS' LOAN CO. et al. v. FIRST NAT. BANK OF DECATUR.

### No. 12696.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 8, 1932.

Rehearing Denied Nov. 5, 1932.

Mayer & Rowe and S. C. Rowe, all of Fort Worth, for appellants.

Thompson & Barwise, of Fort Worth, and C. T. Gettys, of Decatur, for appellee.

DUNKLIN, J.

This case involves the question which of two chattel mortgages was entitled to priority over the other; one held and owned by the plaintiff, First National Bank of Decatur, and the other held and owned by the defendant Cattle Raisers' Loan Company. Both of those chattel mortgages were executed by the partnership firm of S. A. Lillard & Sons, and both covered the same several hundred head

of cattle owned by the mortgagors and located in Kinney county.

The chattel mortgage held by the plaintiff First National Bank of Decatur was given to secure the payment of a promissory note executed by the mortgagors in favor of the City National Bank of Decatur for the principal sum of $10,000, dated May 1, 1929, and maturing November 1, 1929. That mortgage was dated May 20, 1929, and filed for registration in the office of the county clerk of Kinney county on May 22, 1929, and also filed for registration in the chattel mortgage records of Wise county on May 28, 1929. It was duly recorded in the chattel mortgage records of both of those counties. That chattel mortgage embodied this recital: "This C/M is given subject to a C/M to Cattle Raisers Loan Company for $22,500.00, which said loan is subject to renewal without prejudice to their lien."

The chattel mortgage held and owned by the defendant Cattle Raisers' Loan Company embodies this stipulation:

"This conveyance, however, is intended as a mortgage to secure second party, its successors and assigns, in the payment of all that certain indebtedness due and owing to it by first party, and evidenced by one certain promissory note, as follows:

"One note dated May 7th, 1929, due November 7th, 1929, for $22,500.00, and together with interest thereon at the rate of ten per cent per annum from maturity, and to secure all extensions of said notes, or any of them, or any part thereof, and any notes given in lieu of or in renewal of said notes, or any of them, or any part thereof; and as well to secure the payment of any other indebtedness now due and owing, or which may hereafter become due and owing by first party to second party, whether evidenced by note or otherwise, and which said indebtedness now accrued or which may hereafter accrue, it is agreed shall be payable to said second party at its office in the City of Fort Worth, Texas; and all such indebtedness herein mentioned shall stand payable under and secured by this mortgage."

That mortgage was dated May 7, 1929, duly acknowledged on the same day, filed for record in the office of the county clerk of Wise county on the 9th day of May, 1929, and also filed for record with the county clerk of Kinney county on May 10, 1929, and was duly recorded in the chattel mortgage records of those respective counties.

The First National Bank of Decatur, as assignee of the note and mortgage executed to the City National Bank of Decatur, instituted this suit to recover, and did recover, a personal judgment against all members of the partnership firm of S. A. Lillard & Sons, except two, one of whom was dismissed and the other discharged from liability by reason of a prior adjudication of bankruptcy as to him. Plaintiff also sought and was awarded a decree of foreclosure of its chattel mortgage lien on a portion of the cattle covered by the mortgage which had not theretofore been sold by the mortgagor on the market in Chicago through brokers handling the same. The proceeds of sale of the cattle so sold were paid to the Cattle Raisers' Loan Company as credits on the mortgage indebtedness held by that company, and plaintiff prayed for and was awarded a recovery against the Cattle Raisers' Loan Company and its codefendant, the Peyton Packing Company for the proceeds of certain of the cattle covered by both mortgages that were sold to the Peyton Packing Company after the loan company had actual notice of plaintiff's mortgage, on allegations of a joint conversion by the defendants of those cattle. From that judgment, both the Cattle Raisers' Loan Company and the Peyton Packing Company gave notice of appeal, and filed bonds necessary to perfect their respective appeals. But the only appeal prosecuted here was by the Cattle Raisers' Loan Company.

The record shows that after the mortgagors had executed the mortgage to the Cattle Raisers' Loan Company, that company made advancements from time to time to the mortgagors in addition to the $22,500 note recited in the mortgage; and that the mortgagors are still indebted to the Cattle Raisers' Loan Company in the sum of $1,050 principal, together with interest and attorneys' fees thereon as provided for in the note, after deducting all claims arising by reason of the payment to it of the proceeds of the sale of the cattle. The advancements so made by the loan company were used principally to defray the expenses in caring for the cattle, including payment for lease on the land which furnished grass for the cattle, for groceries used by J. Warren Lillard, one of the mortgagors, and his employees on the ranch while caring for the cattle, and the advancements were used for that purpose. The following authorities cited by appellant announce the rule that a chattel mortgage given to secure future advancements creates a lien which is superior to a subsequent mortgage taken with notice of the prior mortgage, even though those advancements were made after the registration of the subsequent mortgage. Freiberg, Kline & Co. v. Magale, 70 Tex. 116, 7 S. W. 684; Groos & Co. v. Chittim (Tex. Civ. App.) 100 S. W. 1006, writ of error refused; Jolly v. Fidelity Union Trust Co. (Tex. Civ. App.) 15 S.W.(2d) 68; First Nat. Bank of Corsicana v. Zarafonetis (Tex. Civ. App.) 15 S.W.(2d) 155, writ of error refused; H. W. Williams & Co. v. Bell (Tex. Civ. App.) 8 S. W.(2d) 745; Jones on Mortgages, § 373; 41 Corpus Juris, 466–468; 9 R. C. L. 419.

■ We quote the following from appellee's brief with respect to those authorities:

"Appellee admits that appellant held a first mortgage. It admits that the mortgage contained a provision included for the purpose of giving to first mortgagee protection, not only as to the amount of the original indebtedness, but advances made and indebtedness incurred subsequent thereto. It admits that the general rule in Texas is as stated by the case of Freiberg, Kline Co. v. Magale, 70 Tex. 116, 7 S. W. 684, cited by appellant; that is to say, that as between the parties to the mortgage, the mortgage is valid as to any future advances, and such future advances are protected thereby. It admits further that the mere execution and recording of a subsequent mortgage does not affect the rights of the original mortgagee to be protected in advances made by him thereafter. In other words, that the first mortgagee is not charged with notice of the existence of the rights of second mortgagee, merely because the subsequent mortgage is duly recorded.

"But this case goes to the question of whether a first mortgagee, unless required to do so by the very terms of his mortgage, can continue to make advances to the mortgagors protected by his mortgage, after he has received actual notice of the existence of a second mortgage, and the rights of the holder thereof.

"We contend that he cannot, and that such advances made are not secured by his first mortgage, and are therefore subordinated to the rights of the second mortgagee. That presents the question in the case, and our position with reference to it.

"A close analysis of the cases cited by appellant to sustain their contention to the contrary, will disclose that in none of them was this question raised, and in only one of them did the court even by way of dicta purport to pass upon it."

Following that announcement it is insisted that in each of the decisions cited it appeared that the future advancements for which a lien was claimed against the subsequent mortgagee were made before the registration of the second mortgage, or before actual notice of its execution. Appellee then cites the case of Bank of Omaha v. Pope, 103 S. W. 692, 693, by the Court of Civil Appeals, as the only Texas decision found in which the words "actual notice" are used, and making the distinction between "actual" and "constructive" notice. In that case the court said: "In such case whether constructive notice by the record of the later incumbrance should have the same effect as actual notice, and whether the option of the mortgagee to make the advances should operate to give the mortgage effect as to subsequent incumbrances actually made, are questions upon which the cases are not agreed. It is conceived, however, that the rule, established by the weight of authority, is that a prior mortgagee is affected only by

actual notice of a subsequent mortgage, and not by constructive notice of it."

And these further decisions are cited by the appellee to support the contention that the ruling in the case last cited is inferentially recognized as a correct rule, although in none of those was the question specifically presented or determined. Bullard v. Stewart, 46 Tex. Civ. App. 49, 102 S. W. 174, writ of error refused; Cisco Banking Co. v. Keystone Pipe & Supply Co. (Tex. Com. App.) 277 S. W. 1060, 1061; Vacuum Oil Co. v. Liberty Ref. Co. (Tex. Civ. App.) 265 S. W. 749.

We are unable to perceive any logical basis for the asserted distinction between actual and constructive notice in determining the question now under discussion. It is unquestionably the rule that a valid mortgage may be given for future advancements. It is also the rule that the registration of a chattel mortgage is constructive notice to subsequent purchasers and creditors, and that constructive notice is as binding as actual notice. The right thus acquired by the holder of such a mortgage is a vested property right, and we are unable to understand how appellant's mortgage could be impaired by the subsequent mortgage given without its consent or authority merely by reason of actual notice of the second mortgage before any subsequent advancements were made and for which a lien was given under the specific terms of the first mortgage. To sustain the contention that actual notice to appellant of the second mortgage would ipso facto operate to subordinate appellant's mortgage to the second mortgage for all advancements made after such actual notice, would be to set at naught the mortgagor's binding contract of a first lien for all advancements made in the future, regardless of when made; and also to set at naught the specific agreement in plaintiff's mortgage that the same was taken subordinate to appellant's mortgage. And for that reason it is our conclusion that the court erred in decreeing a superiority of plaintiff's lien to that of appellee to the extent claimed, irrespective of the merits of the further contention made in another assignment of error that the transfer of the note and mortgage from the City National Bank of Decatur, the payee named, to the plaintiff bank was void for lack of its registration under the provisions of article 5490, Rev. Statutes, the determination of which becomes unnecessary.

■ The record shows that the advancements made by appellant to the mortgagors were furnished to J. Warren Lillard, who had charge of the cattle, for the purpose of feeding and caring for them, and were necessary for their proper care, although, according to the testimony of Lillard, the money so advanced was used in part for caring for other cattle than those covered by the loan company's mortgage; but there was no attempt to segregate and apportion those expenses as

between the respective herds. The failure of proof on that point is urged by appellee as fatal to the claim by appellant of an equitable lien for such advancements; and we sustain that contention.

For the reasons stated, the judgment of the trial court, giving priority to plaintiff's mortgage on the cattle sold by the mortgagor and the proceeds of which were paid over to the appellant for advancements made by appellant to care for the cattle after it had actual notice of plaintiff's mortgage, and awarding the plaintiff personal judgment against appellant by reason thereof for the sum of $636.30, with interest from the date of the judgment at the rate of 6 per cent. per annum, and for costs of suit, is reversed, and judgment is here rendered denying the plaintiff, appellee here, such relief, and establishing the mortgage lien held by the loan company for any unpaid balance now owing by the mortgagors to the loan company, or that may hereafter accrue in its favor, under the terms of its mortgage, as a superior lien to that claimed by plaintiff bank. And it is to be observed in this connection that the defendant Cattle Raisers' Loan Company did not sue for a foreclosure of its mortgage.

The judgment in favor of plaintiff against the Peyton Packing Company, who has not prosecuted its appeal to this court, is left undisturbed; as is also the judgment in plaintiff's favor against defendants S. A. Lillard & Sons.

The costs of appeal are taxed against appellee First National Bank of Decatur.