## ARLEDGE & WOODSON v. T. J. HAIL & CO.

### (Case No. 1237.)

1. VENDOR'S LIEN — PURCHASER — EQUITY.— A. sold land to B., taking his notes for purchase money, but executing a deed which recited the payment of a full consideration. After the notes were barred by limitation, B. executed other notes for like amounts, on which suit was brought to subject the land to their payment, against a purchaser at execution sale, under a judgment against B., obtained after the making of the new notes. B. had been in possession from the date of his purchase, and the purchaser at execution sale had no notice of a claim for unpaid purchase money.  *Held*—

    1. The sheriff's deed vested the legal title to the land in the purchaser at execution sale.

    2. The holder of the new notes had no such equity as would defeat the legal title obtained by purchase at execution sale.

APPEAL from Houston.    Tried below before the Hon. W. D. Wood.

Suit by appellee, filed in the district court of Houston county June 17, 1880, against the widow and children of A. D. Allbright, deceased, on two promissory notes executed January 29, 1877, by A. D. Allbright to Wm. Allbright or bearer, and to foreclose a vendor's lien on two tracts of land; and also against appellants, who it was alleged held title to the lands under a judgment

and execution against A. D. Allbright, and purchase thereunder at sheriff's sale. The widow and one adult heir made default; the other children, all minors, answered by general denial by their guardian *ad litem;* appellants answered by general denial, and a plea setting up their title under the judgment, execution and sheriff's deed; they also alleged that they, as creditors and purchasers, had no notice of any outstanding lien; and also alleged fraud.

Cause tried at September term, 1880, before the court, neither party demanding a jury, when a general judgment was rendered for plaintiff against the widow and children for the amount of the notes and interest, and also a decree against them and appellants of foreclosure of a vendor's lien on the two tracts.

The petition alleged that on January 4, 1873, Wm. Allbright and wife sold to A. D. Allbright the two tracts of land, and received in consideration therefor his two notes, one for $500 and the other for $100; that on January 29, 1877, "the said notes being barred by the statutes of limitation, the said A. D. Allbright executed and delivered two new notes in lieu of those barred, which notes are hereto attached;" these notes were for the same amounts as the old ones, that is, for $500 and $100, the larger one due January 1, 1878, drawing ten per cent. interest from date, the other due January 1, 1881, with interest from maturity; that the vendor's lien has never been waived; that appellee was the owner of the notes, and that appellants claimed the lands by virtue of their judgment, execution, etc., against A. D. Allbright. The petition did not allege notice of the alleged lien on the part of appellants. The death of A. D. Allbright was alleged, and that there was no administration on his estate.

Appellee proved that the original notes were given for the two tracts of land, and that he purchased for value the notes sued on in 1878. He testified that the first he

knew of the existence of the notes was in January, 1878; that after the lands were advertised for sale under appellants' judgment, he had a conversation with Dr. Woodson, one of the appellants, and tried to compromise the debt appellants held against Allbright, and told Woodson that Allbright had not paid for the lands; that at this time Allbright was indebted to appellee, and this conversation was after he had purchased the notes.

Appellants read in evidence their judgment against A. D. Allbright, rendered in the county court of Houston county September 27, 1877, for $267; also, execution issued the following month, levied on the lands in controversy and duly returned; also, sheriff's deed dated November 10, 1877, conveying the lands, one tract for $80 and the other for $60, which amounts were credited on appellants' judgment. Appellants proved that they had no notice of any claim of vendor's lien until after the sale and purchase by them, and Dr. Woodson testified that plaintiff had no conversation with him about the lien until after the sale; that they were merchants and sold goods to Allbright; that the deed from Wm. Allbright to A. D. Allbright, his son, conveying the lands in controversy, dated January 4, 1873, recited the payment of the consideration, and no vendor's lien was retained therein,, and that A. D. Allbright immediately went into and continued in possession of the lands. The notes sued on recite that they were given for the two tracts respectively, and were acknowledged by A. D. Allbright and recorded in Houston county March 7, 1878.

*J. R. Burnett*, for appellant.

*Earle Adams*, for appellee.

I. It was shown upon this trial, that as against A. D. Allbright a vendor's lien existed long before the suit against Allbright by appellants was instituted. That is,

that Allbright had bought the land in controversy, and given his notes for same; that first notes were barred, and that Allbright had given new notes in lieu of the old ones, and had revived the lien on the land by the terms of the renewed notes themselves. Blankenship *v.* Douglass, 26 Tex., 228; Frazier *v.* Thatcher, 49 Tex., 30.

II. Purchasers at sheriff's sales, when they are judgment creditors, and place the amount of their bid upon the execution, are not purchasers in good faith, and are not protected by the laws governing a purchase in good faith.

III. The appellants were judgment creditors of A. D. Allbright, and ordered an execution on their judgment. At the sheriff's sale, appellants became the purchasers and placed the amount of their bid as a credit on the execution. Orme *v.* Roberts, 33 Tex., 773; Ayres *v.* Duprey, 27 Tex., 593.

BONNER, ASSOCIATE JUSTICE.—The sheriff's deed to defendants Arledge and Woodson vested in them the legal title to the land which plaintiff Hail sought to subject to his alleged vendor's lien.

The testimony shows conclusively that at the date of the rendition of the judgment in favor of Arledge and Woodson against A. D. Allbright, under which the execution sale and this sheriff's deed were made, they had no notice of any outstanding equity against the title of A. D. Allbright, and it tends strongly to show that they had no such notice at the date of the sheriff's deed to them. A. D. Allbright had been in possession of the land and the apparent legal and equitable owner thereof under the sale from William Allbright, through which Hail claims his equity, ever since January 23, 1873. The deed from William Allbright to A. D. Allbright, by which he held this possession, recited the payment in full of the pur-

chase money, and no notice, either constructive or actual, was given of the existence of any outstanding vendor's lien, and no diligence whatever used to enforce the same. On the contrary, as admitted by Hail himself in his petition in this case, the original notes were barred by limitation at the date of the judgment in favor of Arledge and Woodson, and which, under the law then in force, created a judgment lien on the land. In this particular the case differs from that of Ware v. Bennett, 18 Tex., 794, in which the original indebtedness to Bennett had been kept alive by subsequent acknowledgments, and was a subsisting demand at the date of the accrual of the demand of Ware.

Under the decision of Burks v. Watson, Arledge and Woodson had the right to interpose any substantial defense which could have been set up by A. D. Allbright himself. 48 Tex., 107; Pitschke v. Anderson, 49 Tex., 1; Avent v. McCorkle, 45 Miss., 221.

The testimony further shows that Hail purchased the notes sued on, and which were given in lieu of the old outstanding notes barred by limitation, after the judgment lien of Arledge and Woodson had attached, and that he purchased them from Mrs. William Allbright; from which we infer that William Allbright was then dead, but it is not shown under what right or authority she made the transfer. Neither is any explanation given why no effort was made to collect the original notes or to enforce the alleged vendor's lien until after Arledge and Woodson had obtained their judgment lien.

Under all the facts and circumstances as presented by the record, we are of opinion that plaintiff Hail failed to establish such superior equity in favor of his claim to subject the land to the payment of the vendor's lien, as should defeat the legal title held by defendants Arledge and Woodson.

Judgment as to Arledge and Woodson reversed and cause remanded, they alone having appealed, and the judgment in its nature being divisible.

REVERSED AND REMANDED.

[Opinion delivered February 4, 1881.]

ON REHEARING.

BONNER, ASSOCIATE JUSTICE.— On rehearing in this case, we find that we were mistaken as to the admission in the petition that the old notes were barred by limitation when the judgment in favor of Arledge and Woodson was obtained, the admission being that they were barred at the date of the execution and delivery of the new notes, which was a few months prior to the date of that judgment. So much of the opinion, therefore, as relates to that question is not applicable to the facts of this case.

The judgment, however, should be reversed upon the remaining facts stated in the opinion, and therefore the motion for rehearing is overruled.