### JOHN D. FLEWELLEN ET AL. v. OWEN L. COCHRAN.

Decided November 3, 1898.

**1. Limitations—Vendor's Lien.**

An action to foreclose an express vendor's lien is one founded upon a written contract, and must be brought within four years from the accrual of the cause of action. Articles 3356, 3358, Revised Statutes, construed.

**2. Same—Lien an Incident of the Debt.**

A lien is merely an incident of the debt, and a statute of limitations applicable to an action on the debt applies also to one for the foreclosure of the lien.

**3. Same—Acknowledgment of Debt.**

A vendor's lien is lost if the debt which it secures has become barred by limitations, and such lien can not be restored by the acknowledgment of the debt by the debtor if the land has been conveyed to another, but the debtor can prevent the debt from becoming barred and the lien from being destroyed by written acknowledgment of the debt before the time necessary to complete the bar has passed, although he has conveyed the property. Article 3370, Revised Statutes, construed.

**4. Same—Possession.**

Possession obtained under a deed out of which a vendor's lien arose is prima facie in subordination to the lien.

ERROR from Harris. Tried below before Hon. JOHN G. TOD.

*A. J. & J. D. Harvey, H. M. Browne,* and *Brashear & Dannenbaum,* for plaintiffs in error.

*Jones & Garnett,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—The findings of fact made by the trial judge were correct, except that the date of the conveyance from

Crawford to Flewellen was May 28, 1884, instead of 1894, as stated in the first finding.

From these findings the case appears to be substantially this: Crawford on the date mentioned conveyed to Flewellen an undivided half of 2243½ acres of land in Waller County, taking Flewellen's three notes for the purchase money, payable in one, two, and three years from date, and reserving in the deed a lien to secure their payment. These notes were by Crawford assigned to defendant in error Cochran.

Flewellen and the owners of the other undivided half of the 2243½ acres fairly divided it between themselves, setting apart to Flewellen a specific tract. None of the parties complain of this division. Subsequently Flewellen conveyed to other persons specific parts of the tract thus set apart to him, and they paid for it, put their deeds on record, and went into possession.

On the 9th day of November, 1888, Flewellen, in order to induce Cochran to release from the lien 101½ acres of the land conveyed to one Ashford, executed to Cochran a mortgage on two small tracts in Grimes County, now claimed by plaintiff in error Cochran. This mortgage was duly recorded in Grimes County, and Flewellen thereafter conveyed the land embraced in it to Irwin Carter, who placed his deed upon record and took possession. In this mortgage Flewellen made a full acknowledgment of the notes originally given for the land and promised to pay them. He made such other written acknowledgments of the notes, except the part of them which had been paid, on the 16th day of May, 1890, and the 15th day of March, 1894. So that at no time did as much as four years elapse after the maturity of the first note without such an acknowledgment.

This action was begun December 11, 1896, by Cochran against Flewellen for the amount of the notes, and against purchasers from Flewellen for foreclosure of the vendor's lien and mortgage. Among such purchasers were the plaintiffs in error, A. C. Calloway, Jr., W. J. Calloway, S. L. Garrett, and Irwin Carter. Judgment was rendered in favor of plaintiff for the debt and foreclosure as prayed for, and the parties just named seek to have it reversed.

Their main contention is, that plaintiff's cause of action against them for a foreclosure of the lien was barred by limitation, and they rely upon article 3358, Revised Statutes, which provides that, "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward."

This section of the statute, in our opinion, is inapplicable, for the reason that another provision governs such cases as this. By article 3356 suits evidenced by or founded upon written contracts are required to be brought within four years after accrual of the cause of action, and by article 3370 the bar is permitted to be avoided by a written acknowledgment of the claim. The lien is treated by all of our decisions as merely an incident of the debt, and the statute which applies to an action to recover

the debt applies also to one for the enforcement of the lien. If the debt has never been lost by limitation, the lien, as its incident, has continued in force and can be enforced in an action to recover the debt. If the debt once becomes barred, the lien is lost; and while the debtor can by his acknowledgment restore both, where he still owns the property affected by the lien, he can not by such an acknowledgment restore the lien upon property which has ceased to be his through his conveyance of it to another. Hodges v. Taylor, 57 Texas, 199; Riggs v. Hanrick, 59 Texas, 570; Cason v. Chambers, 62 Texas, 305; Arledge v. Hail, 54 Texas, 398. But the debtor can prevent the debt from becoming barred and the lien from being thus lost by acknowledgment of the debt before the time necessary to complete the bar has passed, even though he has transferred his right to the property charged with the lien. In such a case the purchaser takes the property while incumbered, and nothing ever occurs, as in cases where the lien is once lost by the operation of limitation upon the debt, to invest him with a defense against it. Ware v. Bennett, 18 Texas, 807; Slaughter v. Owens, 60 Texas, 670; Foote v. O'Rourke, 59 Texas, 215; King v. Brown, 80 Texas, 276. It therefore follows that the lien was not defeated by the plea of limitations based upon either of the four years statutes.

We deem it unnecessary to inquire whether or not the possession of all of the defendants lasted for five years under duly registered deeds accompanied by payment of taxes. If these facts were affirmatively found in their favor, it still would not follow that such possession was adverse.

Flewellen had the right to sell to them the land, and they had the right to take possession of it, notwithstanding plaintiff's lien, and their act in doing so was not on its face hostile to such lien, but, since the possession was obtained under the deed out of which the lien arose, was prima facie in subordination to the right of the vendor in such deed. Keys v. Mason, 44 Texas, 143.

The burden was therefore on them to show not only a possession which, under other circumstances, would have been adverse, but a repudiation of the relation created by the deed under which they entered, and the assertion of a claim adverse to it with such accompaniments as ought to have given plaintiff notice of their attitude. The evidence stated in the briefs shows no such case, and the finding of the court was against appellants upon the question. We could not reverse that finding even were we to decide, which we do not find it necessary to do, that adverse possession for five years with the other requisite accompaniments would bar the enforcement of the lien asserted by plaintiff.

The plea of improvements in good faith, appropriate to an action for the recovery of the land, has no application in this suit, and the court did not err in not sustaining it.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.