ELVA I. HOLFORD ET AL. v. J. W. PATTERSON.

No. 3805.    Decided December 20, 1923.

(257 S. W., 213.)

1.—Attachment—Record—Notice—Lis Pendens.

Recording a copy of an attachment and levy on land in accordance with article 6858 Rev. Stats., conveys record notice of the claim thereunder to a subsequent purchaser of the title of the defendant in attachment, though there has been no compliance with the statutes providing for record notice of *lis pendens* (Rev. Stats., arts. 6837-6840).    City Natl. Bank of Corpus Christi v. Craig, 113 Texas, 375.    (P. 413).

2.—Limitation—Lien—Extension of Time.

The purchaser of land entitled to the defense of limitation against a note and a mortgage thereon for its security given by a former owner is not affected by an extension of time on the note and lien thereafter by their holder, though until the note is barred the holder may, by such extension, prevent limitation becoming perfected.    (Pp. 413, 414).

3.—Cases Approved.

Hodges v. Taylor, 57 Texas, 199; Flewellen v. Cochran, 19 Texas Civ. App., 499; Riggs v. Hanrick, 59 Texas, 570; Cason v. Chambers, 62 Texas, 305; Arledge v. Hail, 54 Texas, 398; approved and followed.    Templeman

v. Kempner, 223 S. W., 293; Allison-Richey G. C. H. Co. v. Welder, 220 S. W., 392; distinguished. (P. 414).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Hale County.

Patterson brought suit against E. I. and W. H. Holford and A. B. Hawk. From a judgment in plaintiff's favor defendants appealed, and on affirmance (240 S. W., 341) obtained writ of error.

*P. B. Randolph,* for plaintiffs in error.

The Court of Civil Appeals erroneously held that the record of the writ of attachment in cause No. 1812, Styled J. W. Patterson v. L. L. Holford was constructive notice to this appellant and that she was charged with notice of such attachment, there being no *lis pendens* notice of record as required and provided by law, which holding of this court is in conflict with the holding and judgment of the Court of Civil Appeals at San Antonio, Texas, in the case of Bank v. Craig, 233 S. W., 631. Burk-Simmons v. Konz, 178 S. W., 587; Pope v. Beauchamp, 219 S. W., 447; Revised Civil Statutes (Sayles) 1914, arts. 6837-8-9.

Plaintiff in error, Elva I. Holford, holding the legal title to the land, and there being no *lis pendens* notice of record in Cause No. 1812, styled J. W. Patterson v. L. L. Holford, as required by law, she, the said Elva I. Holford had the right and authority to renew the lien with A. B. Hawk, or, in fact, create a new lien, without notice, or without being affected by the suit of Patterson vs. L. L. Holford. Howell v. Townsend, 217 S. W.,˝ 975; Johnson v. Lasker Real Est. Assn., 21 S. W., 961; Prouty v. Musquiz, 94 Texas,· 87; Burk-Simmons Co. v. Konz, 178 S. W., 587.

*Kinder, Russell & Griffin,* for defendant in error.

The writ of attachment having been levied and the return recorded in the attachment lien records, before the purchase by Elva I. Holford, she was charged with notice of the suit and lien and the absence of Notice of Lis Pendens was immaterial.

The property standing as surety for the debt, when the debt was barred the property was released, and the subsequent act of the debtor renewing the debt and declining to plead limitation could not restore the liability of the land for the payment of the debt.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error J. W. Patterson brought this action in the District Court of Hale County against plaintiffs in error Elva I. Holford and A. B. Hawk, as well as W. H. Holford. The object of the suit was to establish the title of defendant in error Patterson to an undivided half interest in 200 acres of land, free from mortgage lien thereon asserted by plaintiff in error A. B. Hawk, and to partition the 200 acres between defendant in error Patterson and Elva I. Holford, who was alleged to own the remaining half interest.

Plaintiff in error A. B. Hawk, by answer and cross-action, averred that on October 17, 1910, W. H. Holford and L. L. Holford, who then owned the 200 acres of land, being indebted to A. C. Tubbs in the amount of a promissory note of that date, for $1100.00, besides interest, due two years after date, executed and delivered to Tubbs their mortgage on the 200 acres of land; that the note was assumed by plaintiff in error Elva I. Holford on her purchase of the 200 acres from W. H. Holford and L. L. Holford on April 21, 1920; that on December 28, 1920, the note and lien were transferred by A. C. Tubbs to plaintiff in error A. B. Hawk; and, that the note had been extended in the mode prescribed by law and was past due and unpaid. Plaintiff in error Hawk prayed judgment for $1100.00 and accrued interest, with foreclosure of the mortgage lien on the 200 acres.

Defendant in error J. W. Patterson plead the statute of limitations of four years in bar of the action of plaintiff in error Hawk to enforce his mortgage against the half interest in the 200 acres of land claimed by defendant in error. Defendant in error also alleged that Hawk's claim of a mortgage lien against such half interest constituted a cloud on his title which he prayed the court to remove.

The District Court entered a judgment which established that defendant in error and Elva I. Holford each owned an undivided one-half interest in the 200 acres of land, ordered a partition, and decreed that plaintiff in error Hawk be denied any foreclosure against Patterson's half of the land, but that he recover his debt of plaintiff in error Elva I. Holford, with foreclosure of his mortgage on the portion of the 200 acres to be partitioned to her. The Court of Civil Appeals affirmed the judgment of the District Court, 240 S. W., 341, and thereafter a writ of error was granted on application of Elva I. Holford and A. B. Hawk.

The facts which are material to the disposition of the writ of error may be briefly stated as follows:

On April 10, 1920, L. L. Holford owned an undivided half interest in the 200 acres, subject to a mortgage securing the note of W. H. Holford and L. L. Holford to A. C. Tubbs, maturing October 17, 1912, for $1100.00 and interest.

On April 10, 1920. J. W. Patterson sued L. L. Holford in the District Court of Hale County and procured the issuance of an attach-

ment which was levied on the same day by the sheriff of Hale County on the interest of L. L. Holford in the 200 acres of land. At the same time a copy of the attachment and levy was filed by the sheriff in the office of the county clerk of Hale County, and the same was properly recorded by the county clerk. On December 8, 1920, under judgment foreclosing the attachment lien, L. L. Holford's half interest was regularly sold at sheriff's sale to defendant in error J. W. Patterson.

Subsequent to the issuance and levy of the attachment and subsequent to the registration in the office of the county clerk of Hale County of the copy of the attachment and levy, W. H. Holford, owning a half interest in the 200 acres, and his wife, and L. L. Holford and his wife conveyed to plaintiff in error Elva I. Holford the 200 acres of land, for a recited consideration of $2000.00 cash and the assumption of the $1100.00 note of W. H. Holford and L. L. Holford to A. C. Tubbs, as well as the assumption of a small debt to the State.

On December 28, 1920, for value paid, A. C. Tubbs transferred the note and the mortgage to plaintiff in error Hawk.

On February 5, 1921, W. H. Holford, L. L. Holford, and Elva I. Holford entered into a written contract with A. B. Hawk, duly acknowledged and recorded, for the extension to May 1, 1921, of the note for $1100.00 and interest.

In behalf of plaintiff in error Elva I. Holford it is contended that she acquired the interest of L. L. Holford subsequent to the levy of the attachment in favor of defendant in error, for value, and without notice of the attachment suit or levy, and, that since defendant in error failed to give *lis pendens* notice of his attachment suit under articles 6837 to 6840 of the Revised Statutes, neither the attachment lien nor its foreclosure could affect her title.

To-day it has been decided by this court that when a copy of an attachment and levy has been duly recorded in the office of the county clerk in the county of the attachment suit, wherein the land levied upon is situated, in compliance with article 6858 R. S., such record gives constructive notice of the attachment and levy; and, that one having such constructive notice cannot successfully invoke the *"lis pendens"* statutes to defeat the lien of the attachment. City National Bank of Corpus Christi v. Craig, 113 Texas, 375. The opinion in that case is decisive that there was no error in the conclusion of the Court of Civil Appeals that defendant in error's title under foreclosure of the attachment lien was superior to the subsequent conveyance from the defendant in attachment to Elva I. Holford.

It cannot be questioned that the note to Hawk, secured by mortgage, was barred at the time defendant in error Patterson became invested with title under L. L. Holford to an undivided one-half of the 200 acres of land. Patterson having once acquired title not

subject to any enforceable encumbrance, the same could not be affected by a subsequent contract between others to which he was not a party.

A question involving this principle was presented by Hodges v. Taylor, 57 Texas, 199. The question was whether a conveyance could be attacked as fraudulent by a creditor whose debt was barred at the date of the conveyance but was subsequently revived. It was held that once the title of the grantee was good—as it was against the creditor while his debt was barred—it could not be subsequently impaired without his consent.

In Flewellen v. Cochran, 19 Texas. Civ. App., 499, 48 S. W., 39, the Galveston Court of Civil Appeals, through Justice Williams, said: "If the debt once becomes barred, the lien is lost; and while the debtor can, by his acknowledgment restore both where he still owns the property affected by the lien, he cannot, by such an acknowledgment, restore the lien upon property which has ceased to be his, through his conveyance of it to another," citing Hodges v. Taylor, supra; Riggs v. Hanrick, 59 Texas, 570; Cason v. Chambers, 62 Texas, 305; and Arledge v. Hail, 54 Texas, 398, which amply support the proposition.

We agree with the conclusion of the Court of Civil Appeals that under article 5695 Vernon's Sayles' Texas Civil Statutes, limitation can be interposed by the subsequent purchaser.

Because an entirely different question was presented, it was held that so long as the debt was not barred land charged with its payment might be bound by a contract in extension of the debt, between the original debtor and the holder of the lien, though the land had passed from the debtor to a subsequent purchaser prior to the date of the extension contract. Templeman v. Kempner, 223 S. W., 293, (W. of E. ref.); Allison-Richey Gulf Coast Home Co. v. Welder, 220 S. W., 392.

Our conclusions are in accord with those of the Court of Civil Appeals at Amarillo in the learned opinion of Chief Justice Huff. Section B of the Commission of Appeals reached like conclusions, both in this case and in the case of City National Bank of Corpus Christi v. Craig, supra. The cases were withdrawn from the Commission of Appeals because of the different interpretations of article 6858 of the Revised Statutes by the courts of civil appeals in opinions evidencing profound thought, 233 S. W., 631, 240 S. W., 341; and, because we did not feel inclined to construe statutes of such importance until favored with full argument.

No error appearing, the judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*