**BELLAMY et ux. v. OKLAHOMA FARM MORTGAGE CO.  (No. 726–4317.)**

(Commission of Appeals of Texas, Section A. Dec. 10, 1925.)

**1. Limitation of actions ⚙︎164—Lien for purchase money of land revivable after debt barred by limitation.**

When debt for price of land, together with vendor's lien, was renewed under Vernon's Sayles' Ann. Civ. St. 1914, art. 5695, and thereafter was barred by limitation under articles 5694, 5695, debt continued to be moral obligation that might be revived by written contract, duly recorded, and original debt was restored as binding legal obligation of maker.

**2. Limitation of actions ⚙︎151(2)—Contract reviving lien given effect as against parties executing renewal contract.**

Where written contract revives debt, barred by limitations, for price of land, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, and also purports to renew or revive lien which originally secured debt, it will be given that effect against parties executing such renewal contract.

**3. Limitation of actions ⚙︎164—Fact that renewal contract was embodied in deed of trust held not to affect rule of revival.**

Fact that contract reviving debt for price of land, barred by limitation under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, and lien to secure same, was embodied in deed of trust, *held* not to affect rule that contract restores maker's obligation.

**4. Limitation of actions ⚙︎164—Vendor's lien, revived after bar of limitations, held enforceable despite intervening homestead claim.**

Where written contract of maker of vendor's lien notes, barred by limitation under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, had effect to restore lien to its original status, such lien was enforceable against makers of contract despite their intervening homestead claim.

**5. Limitation of actions ⚙︎165—Debt conclusively presumed to have been paid while resting under limitation bar.**

Where debt for purchase price of land had become barred by limitation, it was conclusively presumed to have been paid while it rested under operation of such limitation bar.

**6. Limitation of actions ⚙︎139, 165—Nature of debt not changed by limitation or by consequent presumption of payment; obligation may be revived.**

The nature of a debt is not changed by the statute of limitation, nor by consequent presumption of payment, and debt, though barred, constitutes a moral obligation, which, if debtor chooses to recognize it, may be revived under Vernon's Sayles' Ann. Civ. St. 1914, art. 5695.

**7. Limitation of actions ⚙︎139 — Statutes not construed as abridging right of party to bind himself to pay just debts.**

No statute will be construed as abridging the right of any person legally capable of mak-

ing a contract from binding himself to pay his just debts, which he is morally though not legally bound to pay, unless terms thereof unmistakably reveal such purpose.

**8. Limitation of actions ⚙︎175—Legislature presumed not to have intended to deprive citizens of power to waive statutory bar.**

Since Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, do not unambiguously fix time limits within which successive renewals of debt and extension of vendors' liens securing same, shall be made, it will not be presumed that it was the intention to deprive any one of power to waive right to invoke statutory bar against just obligations.

**9. Homestead ⚙︎96—Trust deed given after vendor's lien note was barred held valid.**

Where purchaser of land gave vendor's lien note as security for price, and, after renewal note was barred by limitation, second renewal note, secured by trust deed, acknowledging that note was for unpaid purchase money, was executed, trust deed was one securing purchase money and valid under Const. art. 16, § 50, though land was homestead.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by the Oklahoma Farm Mortgage Company against J. B. Bellamy and wife. Judgment for defendants was reversed and rendered by the Court of Civil Appeals (265 S. W. 1070), and defendants bring error. Affirmed.

Futch & Cooper, of Henderson, for plaintiffs in error.

R. T. Brown, of Henderson, and R. B. Howell, of Winnsboro, for defendant in error.

HARVEY, P. J. On August 20, 1912, J. B. Bellamy bought a tract of land in Rusk county, and for the purchase money thereof executed his promissory note to the vendor for the sum of $1,500, due on December 1, 1912. The vendor's lien on the land was expressly retained in said note, and also in the deed that was executed by the vendor to Bellamy at that time to secure the payment of the said note. On May 4, 1916, Bellamy duly executed and acknowledged a contract of renewal, wherein he renewed and promised to pay said vendor's lien note, as of that date, and also acknowledged and renewed such vendor's lien. Said renewal contract was duly recorded on May 6, 1916. On March 1, 1921, there was an unpaid balance amounting to $600 owing on said note. On the last-named date Bellamy and his wife duly executed their promissory note to the Oklahoma Farm Mortgage Company, the assignee of said vendor's lien note, for the said sum of $600 to cover the balance of the purchase money for said tract of land then remaining unpaid. The last-mentioned promissory note is due and payable, according to its terms,

on March 1, 1928, but provision is made for the maturity thereof in case of failure to pay any of the annual installments of interest thereon. At the time of the execution of the last-mentioned note, Bellamy and his wife duly executed and acknowledged a deed of trust in writing covering said tract of land to secure the payment of said note, which deed of trust was duly recorded on March 31, 1921.

Such deed of trust recites the fact that the note thereby secured was given in renewal of the unpaid balance of such original vendor's lien note, and the grantors acknowledge therein the balance due on the indebtedness represented by such vendor's lien note and the lien renewing same. Default having been made in the payment of one of the interest installments on said note, which was executed on March 1, 1921, the note became matured, and the holder thereof, defendant in error, brought this suit thereon on December 23, 1923, against Bellamy and wife, seeking recovery on said note with foreclosure of said deed of trust lien, and also for foreclosure of the vendor's lien originally securing the payment of the purchase money which such note represents.

Immediately after Bellamy bought tract of land in 1912, he and his family moved on same, and ever since that time have occupied same as a home. The question presented for determination here is whether or not the last-stated fact operates to defeat the liens which defendant in error seeks to foreclose on such tract of land.

It will be observed from the above statement that the original vendor's lien note, which was executed by Bellamy when he bought the land, together with the vendor's lien securing the payment of same, and which has been duly renewed in May, 1916, became barred by limitation in May, 1920. It will therefore be necessary to determine whether the deed of trust executed by Bellamy and wife on March 1, 1921, operated to restore such vendor's lien to its original status as a lien superior to the homestead claim, and also whether or not such deed of trust, of itself, constitutes a valid lien on said land to secure the payment of the note which it was given to secure. A discussion of these questions requires that we notice the provisions of articles 5694 and 5695 of Vernon's Sayles' Ann. Civ. St. 1914.

As above stated, in May, 1916, less than four years after said original vendor's lien note matured, Bellamy duly renewed said note and lien in conformity with the terms of article 5695, Vernon's Sayles' Ann. Civ. St. 1914.

[1, 2] When an existing and enforceable debt, originating in 1912, for the purchase money of real estate, together with the vendor's lien securing same, has been duly renewed in accordance with the provisions of article 5695, and thereafter such debt and lien become barred by limitation under the provisions of articles 5694 and 5695, such debt continues to be such a moral obligation of the maker that it may be revived, together with such lien, by a written contract to that effect duly executed and acknowledged by the maker of such debt, and duly recorded in accordance with the terms of article 5695. Such a contract, so executed, acknowledged, and recorded, becomes binding upon the maker of such contract, and the original debt is restored as a binding legal obligation of such maker. If such contract purports also to renew or revive the lien which originally secured the debt, it will be given that effect against the parties so executing such renewal contract. Alvarado Bank v. Lane (Tex. Civ. App.) 265 S. W. 763; Holford v. Patterson, 113 Tex. 410, 257 S. W. 213; Benavides v. Brewing Co. (Tex. Civ. App.) 224 S. W. 385; and other authorities hereinafter cited.

[3, 4] The fact that such renewal contract is embodied in the form of a deed of trust will not affect the operation of the above rule, but the deed of trust will be given the effect, against the parties who executed same, which it purports to have. The deed of trust in this case was duly recorded in the county where the land lies; therefore it is unnecessary to determine the effect, as between the parties thereto, of a renewal contract or deed of trust which is not so recorded. In our opinion, the original vendor's lien was revived, as against Bellamy and wife, by said deed of trust. The revival of the vendor's lien had effect to restore same to its original status, and such lien is enforceable against the parties who executed such renewal contract despite the intervening homestead claim of such parties. Regardless, however, of the existence or nonexistence of the vendor's lien, the deed of trust, considered as an independent lien, constitutes a valid and subsisting lien on the land. The state Constitution, in article 16, § 50, thereof, provides:

"The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money. * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, * * * as hereinbefore provided."

[5] It is thus to be observed that the protection of the Constitution may not be invoked against a claim for purchase money of the homestead, nor against a deed of trust given to secure the payment thereof. As we have said, the note herein sued on is for purchase money of the land covered by the deed of trust involved herein. Before the note and deed of trust were executed, the purchase-money debt had become barred by limitation and conclusively presumed to have been paid

while same rested under the operation of such limitation bar.

[6, 7] However, the nature of an unpaid sum of money is not changed by the statute of limitation nor by a consequent presumption of payment. Though barred and presumptively paid, it will, if remaining actually unpaid, retain its original nature, and will constitute a moral obligation till the end of time. If the original nature of such unpaid sum be that of unpaid purchase money, it will retain that nature so long as it remains actually unpaid, even though, in consequence of a statutory bar of limitation, its payment is presumed. In such a case the presumption of payment becomes a mere fiction of law of which the party, if he choose, may take advantage. But if he should choose to recognize his moral obligation to pay the outlawed debt, and to bind himself by contract to pay same, he may do so. The provisions of article 5694, Vernon's Sayles' Ann. Civ. St. 1914, which raise such limitation bar and its attending presumption of payment expressed in the statute, were never intended to prevent him from doing so. No statute will be construed as abridging the right of any person, who is legally capable of making a contract, from binding himself to pay his just debts, which he is morally, though not legally, bound to pay, unless the terms of such statute clearly and unmistakably reveal such purpose.

[8] By a proviso in the last-named article, the provisions thereof are expressly made subject to the right of the parties to extend the lien therein referred to by extending the maturity date of the indebtedness in accordance with the provisions of article 5695, Vernon's Sayles' Ann. Civ. St. 1914, and the second proviso therein, which was done in this case in May, 1916. None of the provisions of the latter statute, and none of article 5694, clearly and unambiguously fixes a time limit within which successive renewals and extensions shall be made. The language thereof in this respect is so vague and ambiguous as to render the meaning doubtful. In such circumstances it will not be presumed that the Legislature intended to deprive any citizen of the power to waive whenever he may see fit his right to invoke the statutory bar, and its attending consequences, against any of his just obligations.

[9] In this case the unpaid sum of money for which the note sued on was given originally was unpaid purchase money for the land; while it rested under the statutory bar it remained unpaid purchase money, though unenforceable as a legal obligation; when the debt was restored and was given legal vitality it continued to be one for unpaid purchase money. Stone v. Jackson, 109 Tex. 390, 210 S. W. 953; Goldfrank v. Young, 64 Tex. 435; Fievel v. Zuber, 67 Tex. 279, 3 S. W. 273.

The deed of trust herein was duly executed and acknowledged by Bellamy and his wife in the manner prescribed by law. It was duly recorded. It expressly acknowledges and recites the admitted fact that the note which it is given to secure covers the unpaid purchase money for the land. There are no intervening rights of third parties in the land. In this state of affairs we know of no constitutional or statutory provision which prevented Bellamy and his wife from exercising their right to waive the statutory bar, with the attending legal presumption expressed in the statute, and, by contract, convert into a legally enforceable obligation that which they were already morally bound to pay. Building Co. v. Jones, 94 Tex. 501, 62 S. W. 741; Benavides v. Brewing Co. (Tex. Civ. App.) 224 S. W. 385 (writ of error refused).

The new obligation being for purchase money for the land, the homestead claim of the grantors in the deed of trust is subordinate and subject to the provisions of such instrument, and to the lien therein given to secure the payment of such renewed obligation. Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 878 (writ of error refused); Glenn v. Shamburger (Tex. Civ. App.) 240 S. W. 701 (writ of error refused October 4, 1922); Holford v. Patterson, 113 Tex. 410, 257 S. W. 213.

We recommend that the judgment rendered herein by the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.