## EWING et al. v. CARTER et al.
### No. 9269.

Court of Civil Appeals of Texas. San Antonio.

March 14, 1934.

Rehearing Denied April 11, 1934.

Greenwood & Lewis and E. L. Davis, all of Harlingen, for plaintiffs in error.

Osce Fristoe and Claude Carter, both of Harlingen, for defendants in error.

SMITH, Justice.

On January 15, 1927, L. W. Hoskins and Winston Harwood sold lots 1 and 2, in block 2, in the city of Harlingen, to Claude E. Carter, in consideration of the latter's two notes, numbered 1 and 2, respectively, for $450 each, secured by the vendor's lien. Harwood suc-

ceeded to all the right of Hoskins, who need not be further mentioned.

Carter resold both lots to C. H. Griffin, who assumed said two notes, giving a vendor's lien to Carter to secure payment thereof.

Subsequently note 1 was paid to Harwood, in consideration of which he released his vendor's lien as to lot 2, with the reservation that his lien as to lot 1 should remain in force, unimpaired by said release, as security for note two.

After such release Griffin obtained a loan from the National Loan & Investment Company for $3,800 and applied the same to the construction of improvements upon lot 2. The loan company took Griffin's deed of trust upon said lot 2, to secure said loan. The Loan Company made the loan to Griffin in reliance upon Harwood's release of his lien thereon, in the belief that said release operated to clear the title of all prior vendor's liens.

Subsequently Griffin sold lot 2, as improved, to R. E. Ewing, who assumed Griffin's obligation to the Loan Company. In making the purchase Ewing also relied upon Harwood's release as clearing the title of incumbrance.

This litigation was initiated by one McElwrath, who sought to foreclose a paving lien upon lot 1, against Ewing and Harwood. The latter impleaded Carter upon note 2, still unpaid, and to foreclose the original vendor's lien on lot 1. Carter in turn impleaded Griffin, Ewing, and the Loan Company, and sought to recover of Griffin upon his assumption to pay note 2, and to foreclose the vendor's lien given upon both lots by Griffin to secure said assumption. Carter further sought to establish the priority of his lien over the claims of the Loan Company and Ewing. Upon a trial before the court without a jury, judgment was rendered, in so far as it affects this appeal, awarding recovery to Harwood and Carter as prayed for by them, respectively. The Loan Company and Ewing have appealed.

■ There is no statement of facts with the record. The trial judge filed findings of fact. Those findings are conclusive, of course, as far as they go, but the judgment based thereon cannot be bolstered or impaired by presumptions of fact not expressly found by the court.

Both appellants contend that Harwood's release of his lien upon lot 2 operated with equal force to release Carter from all further obligation to Harwood, and therefore operated further to release the vendor's lien given by Griffin to Carter to secure the former's as-

sumption of the latter's obligation to Harwood. This contention rests upon the theory that when Griffin assumed Carter's notes to Harwood, he thereby assumed the position of principal obligor and Carter was relegated to the position of surety for Griffin; and that, therefore, when Harwood released the lien upon lot 2 for the benefit of Griffin (the principal obligor), Carter, the surety, was released of all further obligation. In support of this theory appellants invoke familiar rules affecting principal and surety. The trial court held against appellants' theory, and we think correctly so.

Harwood, the original mortgagee, was of course bound by his release of his lien upon lot 2, but by the very terms of that release he reserved his right to enforce his lien upon lot 1, as security for note two, still outstanding.

■■ It is true that *as between, themselves* Carter, the maker of note 1, and Griffin, who assumed the note, became surety and principal, respectively, upon that obligation. That assumed relation did not affect Harwood, however, for the simple reason, if no other, that it does not appear that he accepted and acquiesced in that relation. On the contrary, he elected to disregard the fiction by looking only to Carter for payment, as evidence by his suit against Carter without joining Griffin. McGinty v. Dennehy (Tex. Civ. App.) 2 S.W. (2d) 546. This election was confirmed by the trial judge in finding from the evidence that Carter was personally liable upon note 2.

Harwood did not assert, and the trial court did not grant him, any claim or right against appellants. Harwood sued and recovered only upon note 2, still owned by him as payee, and for foreclosure upon lot 1. He sued only the original obligor, Carter, upon that note. The rights so asserted were specifically reserved by him in his release of note one and lien upon lot 2. Appellants concede that Harwood was entitled to so recover, and yet assert that when Harwood released his lien upon lot 2 he thereby released Carter from any further liability to him. The idea seems to be that Carter, being a mere surety, was released from all further obligation to Harwood when the latter executed a partial release. They set up this defense for Carter, who does not himself urge it and argue that as Carter is not liable to Harwood, he cannot foreclose a lien dependent upon such liability.

Whatever technical merit there may be in this theory, it is without practical value here, in the absence of the essential premise that Carter is not liable to Harwood. Carter is liable to Harwood upon his note, due and unpaid, and now that he must pay he is entitled to judgment over against his fictional principal, Griffin, for the amount of his liability. And it follows, of course, that he is further entitled to enforce the plain terms of the lien reserved by him in his conveyance to Griffin to protect him against the very contingency presented in this suit. These conclusions seem so obvious as to be elemental.

Appellants also here urge estoppel against Harwood and Carter. They assert that the Loan Company when it advanced the loan with which lot 2 was improved, and Ewing when he purchased the property and assumed to pay said loan, examined the title to the property, and finding Harwood's release of the lien thereon, relied upon said release as clearing the property of all vendor's liens; that the Loan Company thereupon made the loan, and Ewing thereafter assumed it with knowledge and acquiescence of Harwood and Carter, who complacently observed appellants place themselves in the predicament, wherefore they are estopped to assert any claims against the property.

There is no merit in this defense. In the first place, it was not efficiently pleaded, and further it cannot operate against Harwood, who neither sought nor recovered any claim against appellants, or against their property; he recovered only of Carter, and foreclosed his lien only as to lot 1, not here involved.

Moreover, there is no finding that either appellant or any one under whom they claim paid off the note, or that Harwood had any knowledge of what was being done by appellants upon or concerning the property.

The plea of estoppel has no merit as against Carter. The same inspection of the record which showed Harwood's release of lot 2 also disclosed that Carter had and owned an existing vendor's lien upon the same lot to secure Griffin's assumption of the payment of note 2, still outstanding. And, as in case of Harwood, there is no finding that Carter had any sort of notice of what appellants were or intended doing on or about lot 2.

The judgment is affirmed.