**KIEL v. STABER et al.**

No. 4883.

Court of Civil Appeals of Texas. Amarillo.

April 18, 1938.

Rehearing Denied May 9, 1938.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellant.

Harris & Martin, of Wichita Falls, for appellees.

STOKES, Justice.

On the 1st of October, 1923, John F. Kiel, now deceased, conveyed to Charles E. Pfeifer a tract of land in Wichita county and retained a vendor's lien to secure five notes in the sum of $500 each, due one to five years, respectively, after date. On January 23, 1925, he conveyed to Charles E. Pfeifer another tract in Wichita county and reserved a vendor's lien to secure a note executed by the purchaser in the sum of $127.50, due January 23, 1929. On April 9, 1926, Pfeifer sold and conveyed both tracts of land to appellee, Fred Staber, who, as part of the purchase price, assumed the notes executed by Pfeifer, and on October 26, 1936, more than four years after the last note of the series of five notes was barred by limitation and more than two years after the $127.50 note was so barred, Pfeifer, the original vendee of John F. Kiel and the maker of all of the notes, executed and delivered to the executor an extension agreement whereby all of the notes and both liens were extended to November 4, 1936. Staber was not a party to the contract of extension. On December 6, 1934, after all the notes were barred by limitation, and before the extension contract was executed, O. B. Kiel, executor, instituted a suit against appellee, Fred Staber, in which he sued upon the notes and sought a foreclosure of the vendor's lien under Staber's assumption of the indebtedness. Before judgment or any sort of hearing or trial, that suit was dismissed, after which Pfeifer executed and delivered to O. B. Kiel, executor, the extension contract above mentioned.

This suit was filed March 15, 1937, by appellant, O. B. Kiel as executor of the estate of John F. Kiel, deceased, against Charles E. Pfeifer. Fred Staber and his wife were made parties to the suit so their rights, if any, could be determined, but no personal judgment was asked against either of them.

The case was submitted to the court without the intervention of a jury and judgment rendered in favor of appellant against Charles E. Pfeifer for the sum of $5,000, with interest from the date of the judgment at the rate of 10 per cent per annum, and costs of suit, but denying appellant any recovery against Staber and wife for foreclosure of the vendor's liens.

The principal question presented by the appeal is whether or not Staber was bound by the extension contract executed by Pfeifer and delivered to appellant after the notes sued on had become barred by the statute of limitations, Staber having purchased the land from Pfeifer and assumed the payment of the notes before they became barred. The trial court held he was not, and this holding is made the subject of the first two of the three propositions presented by appellant.

Article 5520, R.C.S.1925, Vernon's Ann.Civ.St. art. 5520, provides, among other things, that upon the expiration of four years from and after the date of maturity of the last of a series of notes or installments, payment shall be conclusively presumed to have been made of each note and installment and the lien for the security of same shall cease to exist unless it is extended by an agreement in writing by the party or parties primarily liable for the payment of the indebtedness. The rule is well established in this state that when the original vendee of land, the consideration for which is evidenced by vendor's lien notes, conveys the land to a third party who, in turn, assumes the payment of the notes, such third party, as between himself and the original vendee, becomes the principal, and the original vendee the surety, upon the notes. This arrangement does not change the effect of the original vendee's obligation to the owner of the notes, however, until he accepts such third party as the principal. Chapman et al. v. Crichet, 127 Tex. 590, 95 S.W.2d 360, 96 S.W.2d 64; Dansby v. Stroud, Tex. Civ.App., 48 S.W.2d 1018; Ewing et al. v. Carter et al., Tex.Civ.App., 70 S.W.2d 277. It has been held, however, that, before rights of the third party who has assumed the indebtedness become vested, the original vendee and maker of the notes may extend the time of their payment by a proper contract between him and the holder of the notes. Holford v. Patterson, 113 Tex. 410, 257 S.W. 213.

After the notes have become barred by the statute of limitations, however, an en-

tirely different situation exists and it has been held from an early day that, after the lien is lost through the operation of the statute of limitations, the original vendor and maker of the notes cannot restore the lien upon property which has ceased to be his through his conveyance of it to another. Hodges v. Taylor et al., 57 Tex. 196; Riggs v. Hanrick, 59 Tex. 570; Cason v. Chambers, 62 Tex. 305; Holford v. Patterson, supra, and authorities there cited; Holcroft et ux. v. Wheatley et al., Tex.Civ.App., 112 S.W.2d 298.

Appellant strenuously contends that this rule applies only in cases where the subsequent purchaser from the original vendee and maker of the notes and lien takes the land after the bar of the statute has become complete. We do not agree with him in this assertion. The principle is based upon the subsequent purchaser's ownership of a beneficial interest in the land which is the subject matter of the lien. When the bar of the statute becomes complete, the lien is lost whether the land belongs to the original vendee or to the subvendee at and before that time. While the original debtor can, thereafter, by an acknowledgment or contract of extension, restore both the debt and the lien as long as he still owns the property, he cannot, by such acknowledgment or contract of extension, restore the lien upon property which has ceased to be his by virtue of his conveyance of it to another. Flewellen v. Cochran, 19 Tex.Civ. App. 499, 48 S.W. 39; Holford v. Patterson, supra.

■ Appellant cites us to the case of Caffarelli Bros. v. Pearce, 34 S.W.2d 813, and asserts that, under the holding of the Supreme Court in that case, when Pfeifer renewed and extended the notes sued on in this case, the vendor's liens were effectively revived and he was entitled to a personal judgment against Pfeifer, the maker of the notes, and to foreclosure against Staber of the vendor's lien on the land. The Caffarelli Case involved a question and principle of law entirely different from that which is involved in this case. In that case the controversy was between the holders of the first and second liens on the land. After the $4,000 first lien note involved in the Caffarelli Case was barred by limitation, the owner of the land, who was also the maker of the note, entered into an extension agreement with the holder. The owner of the second lien note contended that when the

$4,000 note became barred by limitation, the junior lien held by him became a first lien on the property and that the makers and holder of the $4,000 note could not, after the bar of limitation had become complete, enter into a contract of renewal and extension which would operate to make the lien securing it superior to the lien securing the second note held by him. Judge Critz, speaking for the Supreme Court Commission, held that under articles 5694 and 5695, Vernon's Sayles' Ann.Civ.Statutes of 1914, the debt could be extended by the maker and that it would be valid and binding on a subsequent purchaser, citing the case of Howell et al. v. Townsend, Tex.Civ.App., 217 S.W. 975. The notes involved in the Townsend Case were not barred by limitation when the extension contract was made, and we are not authorized to assume that, when that correct holding was made in the Caffarelli Case, the Supreme Court Commission was contemplating a state of facts different from those involved in the Townsend Case. We do not consider that holding applicable to the case before us for the reason that, when the debt becomes barred, the subsequent purchaser who assumed it becomes possessed of a vested right in the property, the subject of the lien, which cannot be interfered with by the original vendee or any one else. It was held by the Supreme Court in the case of Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447, that, in such case, even the Legislature is without authority to extend the period of limitation and it has been held by courts of other jurisdictions that power to do so is beyond the limits of those possessed by even a constitutional convention. Board of Education v. Blodgett, 155 Ill. 441, 40 N.E. 1025, 31 L.R.A. 70, 46 Am.St.Rep. 348; Moore v. State, 43 N.J.L. 203, 39 Am.Rep. 558; Town of Bradford v. Brooks, 2 Aikens, Vt., 284, 16 Am. Dec. 715. See, also, notes, 120 Am.St.Rep. 479; 17 R.C.L. 674.

■ It may further be stated in this connection that the plea of limitation is, generally speaking, a privilege which belongs to the person who owes the debt or has a proprietary interest in the property involved. The owner of the second lien, not being the person who owed the first lien note involved in the Caffarelli Case, nor owning any interest in the corpus of the security, had no right to invoke limitation as against the superior lien, even if it had not been renewed and extended. Columbia Ave. Sav. Fund, etc., Co. v. Strawn, 93 Tex. 48, 53 S.W. 342.

812

We overrule appellant's assignments and propositions raising the question discussed.

 In our opinion appellant is correct in the contention made under his third proposition to the effect that, by filing the first suit against Staber and wife upon the indebtedness, he is not bound by an election or precluded from prosecuting the second suit, which is the case at bar. The first suit was dismissed before it was called for trial or any judgment or orders entered. This he had the right to do. Article 2182, R.C.S. 1925; Hoodless et al. v. Winter et al., 80 Tex. 638, 16 S.W. 427.

We find no reversible error in the record, and the judgment of the trial court is affirmed.