The judgment is reversed and the cause remanded.

## BROUSSARD v. UVALDE ROCK ASPHALT CO.

### No. 3834.

Court of Civil Appeals of Texas. Beaumont.
March 13, 1941.

Rehearing Denied April 16, 1941.

Lipscomb & Lipscomb, of Beaumont, for appellant.

Geo. A. Weller, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 9th day of April, 1940, appellee, Uvalde Rock Asphalt Company, instituted this suit in district court of Jefferson County, Texas, against appellant J. E. Broussard, Jr., as an action in trespass to try title to Lot 1, Block 15, of the McFaddin Second Addition to the City of Beaumont, and in the alternative as an action in rem to foreclose a paving lien against the property sued for in trespass to try title. On trial to the court without a jury, judgment was

for appellee on its alternative prayer for relief.

Appellant answered by pleas of not guilty, and the statutes of two and five years' limitation.

The controlling facts are without dispute. L. Perl was the agreed common source of title. Appellee offered in evidence the following deeds conveying the property in controversy, also offered by appellant: (a) warranty deed from W. F. Fowler and wife to L. Perl, dated July 22, 1921, recorded September 15, 1921; (b) warranty deed from L. Perl to Harry Boyd, dated June 5, 1926, filed for record May 9, 1927, reciting a cash consideration of $2,750, and a vendor's lien note against the property for $5,-750; (c) a special warranty deed, dated October 8, 1926, filed for record May 9, 1927, from Harry Boyd to U. S. Realty Company, a corporation, the grantee assuming the payment of the outstanding vendor's lien note; (d) general warranty deed dated November 20, 1928, filed for record November 21, 1928, from U. S. Realty Company, a corporation, to H. I. Josey, the grantee assuming the payment of the outstanding vendor's lien note, executed by Boyd to Perl; (e) general warranty deed dated January 17, 1930, filed for record 1930, by H. I. Josey to the Block Realty Company, a corporation, the grantee assuming the payment of the vendor's lien note of Boyd to Perl.

Appellee offered the following additional testimony: (a) Warranty deed dated October 27, 1930, recorded November 1, 1930, by Block Realty Company, a corporation, to F. J. Block as her separate estate. (F. J. Block is Floral Block, the wife of I. Block). (b) Appellee received on August 16, 1927, a paving certificate of that date on the lot in question, for paving on Fifth Street in the City of Beaumont, under a resolution, authorizing the assessment, of date February 1, 1927. The certificate was for $543.-20, corrected to $489.27; it recited completion and acceptance of the work and regularity of all proceedings for assessment, and that the assessment was a personal liability of the owner, L. Perl, and provided for its payment as follows:

"This certificate is made payable upon completion of the paving upon the portion of said street upon which said lot, lots, parts of lots, block or tract of land abuts, and the amount of said assessment * * * superior to all other liens or claims except city, county and state taxes."

It was further recited: "That by the terms of the contract between the city and the Uvalde Rock Asphalt Co. it was provided that the property owner, in lieu of cash payment, might enter into contract with the said contractor * * * agreeing to make payment * * * as follows: one fifth cash 30 days after date of completion and acceptance of the payment (pavement) by the city engineer and one fifth in one, two, three and four years respectively after date of the certificate * * *."

The following is a copy of one of the four coupons attached to the certificate: "This coupon certified that (assuming that the said propery owner has entered into contract with said contractor as hereinabove provided for, otherwise entire assessment payable on completion of improvement) three years from and after the 16th day of August, 1927, the Uvalde Rock Asphalt Co. is entitled to receive $108.64 together with all accrued interest * * *. The amount was corrected to $97.85."

(c) Block and wife, claiming to be owners of the lot, executed and delivered to plaintiff a mechanic's lien contract of date March 24, 1927, wherein they obligated themselves to pay all the assessments in installments corresponding in maturities with the maturity clause in the coupons above referred to. It was recorded August 24, 1927. (d) On October 20, 1930, appellee filed suit No. 35778 in the District Court of Jefferson County against I. Block and wife, F. J. Block, to foreclose an alleged lien on the lot in controversy. The petition in that suit declared upon an assessment to I. Block and wife as owners and upon their contract of March 24, 1927. No reference was therein made to an assessment against L. Perl. But it was therein declared that "the assessment was levied against the defendants, I. Block and Flora Block, who were then the owners of said lot of land, and as a personal liability against them". Citation in cause No. 35778 was issued and served on I. Block and wife, sole defendants, and they on November 22, 1930, filed a motion to quash, which was not acted on. They did not file any answer, and judgment was rendered against them by default on January 8, 1931, foreclosing the alleged lien. On February 17, 1931, an order of sale in said cause No. 35778 was issued and returned without sale under direction of appellee's attorney. On November 4, 1933, appellee obtained an alias

order of sale on its judgment in cause No. 35778, and at sheriff's sale December 6, 1933, became the purchaser of such claim of title as the Blocks had to the land, and received a sheriff's deed therefor of date December 6, 1933, filed for record August 20, 1934, and duly recorded. (e) Mrs. F. J. Block and her husband were in possession of the property when they executed to appellee the mechanic's lien contract of March 27, 1927, and remained continuously in possession until they surrendered possession to appellant in August, 1931.

At this point we give appellee's alternative prayer which was granted by the court's judgment: "In the alternative, plaintiff prays that the judgment in cause No. 35,778 and the liens therein established as against the said I. Block and Flora Block, be established and foreclosed as a first lien on said property as against the defendant and in the further alternative, plaintiff prays that it have judgment upon the paving assessment certificate with foreclosure of its assessment certificate with interest and attorney's fees and foreclosure of its assessment lien which were renewed and extended by mechanic's lien contract and the judgment herein referred to as against the defendant, J. E. Broussard Jr., and that it have its order of sale and such other writs as may be necessary for the enforcement of said judgment."

Appellant offered the following additional testimony: (a) By written instrument dated July 2, 1930, on the cash consideration of $6,000, L. Perl transferred to appellant the vendor's lien note retained by Perl against Boyd in his warranty deed to Boyd dated June 5, 1926, referred to above. This instrument also conveyed to appellant Perl's reserved interest in the land. (b) Of even date with the transfer of the vendor's lien by Perl to appellant, Block Realty Company executed to appellant a new note for $6,000, not in extinguishment but in renewal of the original vendor's lien note. Of even date with the note, Block Realty Company, a corporation, conveyed to a trustee for the benefit of appellant, by deed of trust, the property to secure the payment of the new note executed in renewal and extension of the old note. This deed of trust made no reference to the paving lien but contained a general warranty clause binding Block Realty Company to defend the title to the trustee, his successors and their assigns against all persons. (c) Block Realty Company de-

faulted in its payments on the $6,000 note, executed by it to appellant. After the default appellant caused his trustee to sell the land in controversy under the provisions of his deed of trust, and he bought in the property at the sale. The trustee's deed was in the usual form, dated October 6, 1931, filed for record October 9, 1931. (e) F. J. Block and her husband in August, 1931, surrendered to appellant the possession of the property in controversy.

There was no testimony connecting F. J. Block with the record title to the property, prior to the conveyance of the property to her by Block Realty Company by deed dated October 27, 1930.

None of the deeds in appellant's chain of title made any reference to the paving lien, and on his testimony appellant bought its vendor's lien note from Perl in ignorance of the paving lien. Appellant's first point is that the court erred in overruling his plea of limitation, under the statute of two years. On the undisputed testimony this proposition must be sustained. L. Perl signed no instrument binding himself to pay the paving certificate issued to appellee; the only liability against him on this certificate was that created by the assessment proceedings of the City of Beaumont against his property. True, on the date this assessment was levied, Perl was not in fact the owner of the property, having conveyed it to Boyd. But the Boyd deed was not of record at that time, and since Perl was the record owner, the assessment was binding against him and was superior to the vendor's lien retained by him against the property in his deed to Boyd. A cause of action based on a paving certificate levied against the property of the owner in invitum is barred by the statute of limitation of two years. Vernon's Ann.Civ.St. art. 5526. Uvalde Paving Co. v. Townsend, Tex.Civ.App., 92 S.W.2d 1128; Real Estate Land T. & T. v. Beryle, Tex.Civ.App., 88 S.W.2d 767, 768; City of Cisco v. Varner, Tex.Civ.App., 8 S.W.2d 311; State Trust Co. v. Morrison, Tex. Com.App., 282 S.W. 214. So, on authority of the cases cited, appellee's cause of action on its paving certificate had long been barred by limitation at the time appellant took the assignment of the vendor's lien note from L. Perl on the cash consideration of $6,000 paid by him to Perl for the note.

Appellee advances the following propositions against our conclusion on the issue of two years limitation:

(1) It is insisted that the mechanic's lien contract of Block and wife, executed in 1927, obligating them to pay the certificate in five annual installments extended its payment beyond the period of limitation of two years, and that the certificate was not barred when it filed its suit against Block and wife in 1930. This proposition is overruled. On the face of the certificate it was payable "upon completion of the paving"; however, it was provided "that the property owner, in lieu of cash payment, might enter into contract with the said contractor * * * agreeing to make payment * * * as follows: one fifth cash 30 days after date of completion and acceptance of the payment (pavement) by the city engineer and one fifth in one, two, three and four years respectively after date of the certificate * * *." L. Perl was "the property owner," assessed as such, and neither he nor anyone claiming under him or acting for him entered into the contract authorized by the certificate. Block and wife were strangers to the title and not "the property owner" within that term as used in the certificate. And therefore this contract did not create a lien against the property. It follows that the contract of Block and wife, strangers to the title, did not toll the running of the statute as against the assessment lien against the property.

(2) But appellee says that Block and wife were in possession of the property at the time of the execution of their contract to appellee, and in support of the judgment it must be presumed that they had title. This proposition is overruled. Whatever presumption of title flowed from their possession was rebutted by the exhibition appellee made of its title. Having made a complete exhibition of its title from L. Perl, the agreed common source, which affirmatively excluded title in Block and wife, no presumption of title in them can be indulged. McCarthy v. Houston Oil Co., Tex.Civ. App., 221 S.W. 307; Dean v. Grogan-Cochran Lbr. Co., Tex.Civ.App., 58 S.W.2d 552.

(3) It is further insisted that appellee's suit in 1930 against Block and wife tolled the running of the statute of limitation against the paving certificate. As between the parties to that contract, the proposition is conceded. But since Block and wife were strangers to the title, the suit was ineffectual to toll the statute against the interests of appellant.

(4) The proposition that the suit against Block and wife as owners of the property related back to the inception of appellee's contract with them and bound the property as of that date is denied. This conclusion necessarily follows, for at the time appellee filed its suit against Block and wife they were not the owners of the property, and appellee did not subsequently amend its petition. 34 C.J. 892, Title Judgments, § 1299; 19 C.J. 1074; Butler v. Frontier Tel. Co., 186 N.Y. 486, 79 N.E. 716, 11 L.R.A.,N.S., 920, 116 Am.St.Rep. 563, 9 Ann.Cas. 858; 25 Tex.Jur. 402; 19 C.J. 1046, § 24. Appellee's proposition on this point must also be denied on the authorities which hold that, once the debt becomes barred the lien is lost as against an innocent holder. Holford v. Patterson, 113 Tex. 410, 414, 257 S.W. 213; Wilkinson v. First Nat. Bank, 118 Tex. 202, 205, 13 S. W.2d 346; Flewellen v. Cochran, 19 Tex. Civ.App., 499, 48 S.W. 39; Kiel v. Staber, Tex.Civ.App., 116 S.W.2d 809.

We add this additional proposition in support of our conclusion on the issue of two years' limitation. If title should be indulged in Block and wife in 1927 as of date with their contract with appellee, then under the undisputed evidence Block and wife held the property as their homestead. As a homestead the property was not subject to assessment for the paving lien, and the voluntary lien executed by Block and wife was inferior to the Perl vendor's lien note.

From what we have said, it follows that the judgment of the lower court must be reversed. Since we cannot say beyond a reasonable doubt (Gulf, C. & S. F. Ry. Co. v. Snow, Tex.Civ.App., 146 S.W.2d 1040) that appellee will not be able on another trial to show title in Block and wife on the date they executed their mechanic's lien, and that the property was not their homestead, the cause should be remanded for a new trial.

But appellant also insists that judgment should be rendered for him on his plea of limitation of five years. Vernon's Ann.Civ. St. art. 5509. As the evidence is before us appellant sustained that issue, but we cannot say, beyond a reasonable doubt that, on another trial, it will not be able to meet and rebut appellant's evidence.

The judgment reversed and cause remanded.